**WHITMER v. LUCAS, Commissioner of Internal Revenue, et al.**

No. 4589.

Circuit Court of Appeals, Seventh Circuit.

Nov. 20, 1931.

Lee D. Mathias, of Chicago, Ill., for appellant.

George E. Q. Johnson, U. S. Atty., and John Potts Barnes, Sp. Asst. U. S. Atty., both of Chicago, Ill., for appellees.

Before EVANS and SPARKS, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge.

A bill in equity was filed by appellant in which an injunction was sought to prevent the collection of a deficiency income tax for the taxable year 1921. The District Court found for appellees, and dismissed the suit.

The return of appellant for income tax purposes for the year 1921 was filed March 15, 1922. On September 30, 1925, the office of the Commissioner of Internal Revenue at Washington, D. C., sent a letter to appellant advising him that an additional or deficiency tax for said year had been determined because of the disallowance of certain deductions claimed by appellant from his gross income for that year. The deductions disallowed were for bad debts and for a loss occasioned from the disposition of a Haynes automobile. On October 29, 1925, appellant forwarded to the Commissioner of Internal Revenue at Washington, D. C., a letter protesting against the assessment of such additional or deficiency tax. On the 8th day of December, 1925 a registered letter was deposited in the Post Office at Washington, D. C., by the Commissioner addressed to appellant at 206 South State street, Chicago, Ill. Appellant's correct address was 200–202 South State street, Chicago, Ill. This letter advised appellant that the Commissioner proposed to assess against him an additional or deficiency tax for the year 1921, and further advised him that he had sixty days from the date of the mailing of such letter within which to appeal to the Board of Tax Appeals. This letter was delivered to the office of the Chicago National Life Insurance Company at 200–202 South State street, Chicago, Ill., by the mail carrier, at which address the appellant maintained offices. The letter was delivered to a lady employed there by the name of M. C. Thoren, and receipt therefor was signed by her. The mail of appellant had been continuously delivered to this address over a period of many years and received by this same lady.

The first question to be determined is whether or not the letter of December 8, 1925, constituted legal notice under the provisions of section 274 (a) of the Revenue Act of 1924 (26 USCA § 1048 note), which reads as follows: "If, in the case of any taxpayer, the Commissioner of Internal Revenue determines that there is a deficiency

in respect of the tax imposed by this chapter, the taxpayer, except as provided in section 1051 of this title, shall be notified of such deficiency by registered mail, but such deficiency shall be assessed only as hereinafter provided. Within sixty days after such notice is mailed the taxpayer may file an appeal with the Board of Tax Appeals established by section 1211."

It is contended by appellant that such letter was ineffectual as a notice, because it did not contain his correct street address, and therefore the assessment made by the Commissioner under date of April 6, 1926, was invalid.

Several decisions of the Board of Tax Appeals are cited by appellant in support of his contention that a notice mailed to an incorrect address of a taxpayer is invalid. In none of these cases, however, was it so held where such notice was sent by registered mail and delivered to the correct address of the taxpayer.

Reference is made by appellant to the case of Dilks v. Blair, Commissioner, 23 F.(2d) 831, decided by this court. In that case notice was sent by registered mail, but was improperly addressed to the city of New York instead of to Chicago. It was deposited in the mails at Washington, D. C., and was sent to New York, and from there forwarded to the correct address in Chicago, Ill. The taxpayer filed an appeal with the Board of Tax Appeals on the sixty-first day after the mailing of the letter in Washington. It was held by the Board of Tax Appeals that the appeal came too late, but upon appeal this court reversed the decision of the Board. We held that the improper address caused a delay of one day in the receipt of the letter by the taxpayer, and that therefore the sixty-day period should be extended one day.

The statute provides only that notice shall be sent "by registered mail." It is reasonable to conclude that, even though a slight error may be made in the street address, the taxpayer is not harmed if the letter is actually and promptly delivered to his proper address. The purpose of the statute has been fully accomplished when the taxpayer is notified of the deficiency or additional assessment proposed to be made by the Commissioner.

While, under the statute, it is not necessary to prove the delivery of such notice, yet in the instant case the evidence is uncontradicted that the appellant was not only "notified of such deficiency by registered mail," but that such notice was actually delivered to his proper address. Therefore such notice is valid under section 274 (a) of the Revenue Act of 1924, and is binding upon appellant.

Having determined that such notice is valid, it is unnecessary to consider the question as to whether appellant is entitled to injunctive relief. He still has a legal remedy, in the event he feels that the assessment of such additional or deficiency tax is unjust.

The decree of the District Court is affirmed.