## HAAG v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4680.

Circuit Court of Appeals, Seventh Circuit.

June 14, 1932.

Petitioner complains of the assessment of a deficiency tax of $5,784.85 for the year 1922 against the estate of Louis E. Haag. The deceased and his brother were engaged in the retail drug business in Indianapolis under the firm name of Haag Drug Company. One brother, Julius, died in 1922, and Louis died June 7, 1923. Petitioner, a sister, was named executrix in the Louis E. Haag will. The administration of this estate was closed prior to November 14, 1924.

Louis Haag filed an income tax return for the year 1922, and on February 19, 1927, Commissioner determined the tax and mailed a notice of deficiency which was directed to the petitioner as executrix of the estate of Louis E. Haag. On April 20, 1927, petitioner filed a petition for review of the Commissioner's decision with the Board of Tax Appeals. Therein she designated herself as "former executrix of the estate of Louis E. Haag, deceased."

After a hearing, the Board modified and reduced the amount of the deficiency tax to the amount above stated. Thereafter, on July 29, 1930, petitioner moved the Board to set aside its findings and dismiss the proceedings on the ground that the Board was without jurisdiction, because petitioner had been discharged as executrix before respondent had mailed her its notice of deficiency. This motion was denied, and the Board made an order disposing of the case. Thereafter, on March 21, 1931, petitioner presented a similar motion wherein she asked that the last order be vacated and the proceedings dismissed. On March 30, 1931, this petition was denied.

Geo. E. H. Goodner, of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Hayner N. Larson, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and W. Frank Gibbs, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before ALSCHULER, EVANS and SPARKS, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above).

Petitioner relies on two grounds for reversal of the order of the Board: (a) The statute of limitations had run, and the claim was barred. (b) The administration of the estate of Louis E. Haag had been closed and Elnora C. Haag discharged as executrix when respondent mailed the deficiency notice to Elnora C. Haag, executrix. The Board of Tax Appeals was therefore without jurisdiction to hear the application of one who no longer existed.

*Statute of Limitations.* Section 277(a), Revenue Act 1924 (26 USCA § 1057 note) provides for a short period of limitation for the assessment of a tax against an estate on income received during the lifetime of the decedent. It reads:

"(3) In the case of income received during the lifetime of a decedent, the tax shall be assessed, and any proceeding in court for the collection of such tax shall be begun, within one year after written request therefor (filed after the return is made) by the executor, administrator, or other fiduciary representing the estate of such decedent, but not after the expiration of the period prescribed for the assessment of the tax in paragraph (1) or (2) of this subdivision."

Petitioner testified that on November 14, 1924, she sent a letter to respondent, which reads as follows:

"November 14, 1924.

"Commissioner of Internal Revenue, Income Tax Division, Treasury Department, Washington, D. C.

"Re: Estate of Louis Haag.

"Dear Sir: As Executrix of the Estate of my brother, Louis Haag, who died June 7, 1923, I filed an income tax return.

"I have been advised by officials of the local revenue office that before I can be relieved of my responsibilities as Executrix I should request the Commissioner of Internal Revenue to make a final examination and audit of said return and of all tax returns of Louis Haag.

"I, accordingly, hereby make formal request of you, as Commissioner, to make a final audit and examination of the tax return which I filed as Executrix of the Estate of Louis Haag, and of the tax returns filed by him prior to his death, upon which any liability might be found to exist against me as Executrix or as Beneficiary of his Estate.

"Please consider this letter as my formal request for a final determination and assessment of any further income tax which may be found to be due the government on income received during the lifetime of the decedent.

"Very respectfully yours,

"Executrix of Louis Haag."

Respondent disputed both the mailing and receipt of such letter, and the Board found "that the petitioner had not sustained the burden of proof that she requested an assessment of the taxes in question" and that "the assessment and collection are not barred."

We are satisfied that the evidence necessitated a finding that the letter was sent as testified by petitioner. Whether it was correctly addressed and received by the Commissioner presents a closer question. The finding of the Board is not entitled to the weight it would otherwise receive if based upon conflicting evidence. As we view the question, it is one of presumption. As we are satisfied that the letter was mailed, the presumption arises that it was received. It follows, therefore, that we must assume that the letter was sent by petitioner and received by the Commissioner and later apparently lost or misplaced.

There is likewise some uncertainty as to the exact date the income tax return was filed. The evidence however is sufficient for us to assume that it was filed on or before June 7, 1923. Likewise, the exact date when the administration of the estate was closed is not definitely fixed. Petitioner states, however, that the estate was closed before she wrote the letter of November 14, 1924.

These facts being settled, we can approach the consideration of petitioner's contention that the claim was barred because of section 277(a) (3) above quoted. Had this letter been sent by petitioner as executrix or administratrix of the estate while it was in process of administration, there would be no doubt of the application of this section. However, the letter was sent after the administration of the estate was closed. Consequently, if this section applies, it is by reason of the words "or other fiduciary representing the estate of such decedent."

Considering the obvious purpose of the statute, it would seem an unjustifiable extension of the right conferred upon the representative of the estate of a decedent to permit its application to one who was representing herself and not the estate. The letter, it is true, was signed by the "Executrix of Louis Haag." There was no such

518

person on November 14, 1924. When that letter was written, Elnora C. Haag, the former executrix of the estate of Louis E. Haag, was representing the party to whom the estate had passed by decree of the probate court. In other words, she was representing herself.

We therefore conclude that the claim was not barred by section 277(a) (3)'.

■ (b) The notice of the deficiency tax, which the Commissioner mailed February 19, 1927, was addressed to the executrix of the estate of Louis E. Haag. Inasmuch as there was no such executrix in existence at this date and inasmuch as there was no deficiency tax assessed against Elnora C. Haag, individually, the recipient of the estate upon its being fully administered, it is argued that there was no valid deficiency tax assessed. Associated with this contention is the fact that petitioner sought relief from the Board of Tax Appeals through a petition signed by her as "former executrix of the estate of Louis E. Haag, deceased." Thereafter, petitioner sought to avoid the consequences of such petition and adjudication of her petition by asserting that she, as the former executrix of the estate, could not take an appeal from the assessment of a tax against the executrix of the estate. Complete answer to this position is to be found in the decisions of this court and of other courts. Whitmer v. Lucas (C. C. A.) 53 F.(2d) 1006; Commissioner v. New York Trust Co. (C. C. A.) 54 F.(2d) 463; Burnet v. San Joaquin Fruit & Investment Co. (C. C. A.) 52 F.(2d) 123; American Auto Trimming Co. v. Lucas, 59 App. D. C. 171, 37 F.(2d) 801. These cases hold that although the notice was not directed to the proper party, nevertheless if it appeared that the proper party had received the notice or that the party who succeeded to the title of the party filing the return had received the notice, it was sufficient.

■ That Elnora C. Haag as the legatee under the will of her deceased brother became liable for the tax which, but for the completed administration of the estate, would have been assessed against the executrix is established both by statute and regulations of the Treasury Department. Section 311, Revenue Act of 1928 (26 USCA § 2311), Regulations 74, Articles 1231, and 864; section 280, Revenue Act of 1926 (26 USCA § 1069 and note).

■ Moreover petitioner appealed to the Board of Tax Appeals, and the partially successful outcome of the contest there waged,

which resulted in a reduction of her tax, constituted a waiver of this point.

The order of the Board of Tax Appeals is affirmed.