## OLSEN v. HELVERING.

### No. 229.

Circuit Court of Appeals, Second Circuit.

March 8, 1937.

Cravath, de Gersdorff, Swaine & Wood, of New York City (Wm. D. Whitney, of New York City, Richard H. Wilmer, of Washington, D. C., and George G. Tyler, of New York City, of counsel), for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and John J. Pringle, Jr., Sp. Assts. to the Atty. Gen., for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from an order of the Board of Tax Appeals, determining a deficiency in income tax for the year 1931 against Robert M. Olsen, as administrator

of Neal S. Olsen. The deceased had been one of the beneficiaries of the distribution to employees of the Universal Oil Products Company, made by the Unopco Corporation in January, 1931, the taxability of which is decided in Bogardus v. Helvering (C.C.A.) 88 F.(2d) 646, handed down herewith. On the merits nothing more need be said, but there are procedural questions which require separate discussion. Neal S. Olsen died on December 13, 1931 and his administrator filed an income tax return on March 11, 1932, for the period from January 1st to December 13th, 1931, and paid the tax. He was discharged as administrator some time before March 9, 1934, on which day the Commissioner addressed a notice of deficiency to "Mr. N. S. Olsen, 14-77th Street, Brooklyn, New York," which Robert, whose business address was in the Borough of Manhattan, received in due course. On May 8th, 1934, he filed a petition with the Board of Tax Appeals, disputing the inclusion in income of the distribution, and the validity of any assessment against him, because he had been discharged; but not suggesting that the notice was invalid or even irregular. From the Board's order overruling his objections he now appeals to us. Two questions are at issue: first, whether the notice of deficiency was valid under section 272 (k) of the Revenue Act of 1928 (26 U.S.C.A. § 272 and note); and second, if so, whether, as discharged administrator, he was still subject to assessment, and could appeal to the Board as a "taxpayer."

 Section 272(a) of the Revenue Act of 1928 (26 U.S.C.A. § 272 and note) requires the Commissioner to give notice to the "taxpayer," and we will assume without deciding, that when an executor or an administrator files a return as such, even for the period of the deceased's life, he, and he alone, is the "taxpayer." If so, section 272(k) did not apply to the case at bar, but only to returns filed by the deceased, or by a person for whom some other "fiduciary" has been substituted meanwhile; it was intended to protect the Commissioner when the return gave no evidence of the substitution and when therefore he had no one to notify except the person who filed. Upon such an interpretation the notice was invalid, and section 272(k) did not need it; we may assume as much, because it makes no difference in the result. In fact the notice reached Robert M. Olsen without delay and answered every purpose of a notice properly addressed to him; he knew that the Commissioner meant to assess him as administrator; he understood the reason for the assessment and that it was his duty to respond. His petition of review to the Board makes it perfectly plain that he was not misled, and had enjoyed every privilege which a notice formally correct would have given him. This being true, we are unwilling to construe even a tax statute in the archaic spirit necessary to defeat this levy; the notice is only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough. While no decision is quite on all fours, there are several which hold that mistakes in the notice which do not frustrate its purpose, are negligible. Burnet v. San Joaquin F. & I. Co., 52 F.(2d) 123, 128 (C.C.A.9); Commissioner v. Nichols & Cox L. Co., 65 F.(2d) 1009 (C.C.A.6); Whitmer v. Lucas, 53 F.(2d) 1006 (C.C.A. 7); Commissioner v. New York Trust Co., 54 F.(2d) 463, 465 (C.C.A.2); Haag v. Commissioner, 59 F.(2d) 516 (C.C.A.7).

█ The other question depends upon Robert M. Olsen's discharge as administrator by the probate court before the deficiency was levied, the theory being that, being thereafter functus officio, no new liability could be imposed upon him, and that the tax if collectible at all was collectible only from the next of kin as transferees. On this the jurisdiction of the Board is thought to rest, since if he was not assessable, he was not a "taxpayer," and could not petition under section 272(a). The more searching invalidity would seem to be the invalidity of the assessment itself. The whole matter was before the Supreme Court in Hulburd v. Commissioner, 296 U. S. 300, 56 S.Ct. 197, 80 L.Ed. 242, where it was held that if under the local law discharge by the probate court of an executor or administrator completely ends his power to represent the deceased—to continue his "person"—he is exempt from further assessment. After an extended consideration of Illinois law the court there concluded that in that state the discharge did just that, and it therefore declared the assessment invalid. It seems to be supposed that for this reason the assessment at bar was equally void, but that is true only in case the law of New York is like that of Illinois. We should be obliged to examine that question for ourselves, were it not that in the course of

652

the opinion in Hulburd v. Commissioner, supra, Mr. Justice Cardozo discussed also the law of New York, which he found to be unchanged from the common-law. It is quite true that this was not essential to the result, but we should nevertheless not feel free to re-examine a question thus deliberately considered, even though we knew where to find as persuasive an authority upon the law of New York.

Order affirmed.

SWAN, Circuit Judge (concurring).

Accepting the majority opinion in Bogardus v. Commissioner, 88 F.(2d) 646, as establishing the taxability of the payment in question, I concur.