WAYNE COPLEY BENTSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bentson v. Commissioner
Docket No. 14776-85.
United States Tax Court
T.C. Memo 1986-600; 1986 Tax Ct. Memo LEXIS 5; 52 T.C.M. (CCH) 1247; T.C.M. (RIA) 86600; December 29, 1986. Wayne Copley Bentson, pro se. Marikay Lee-Martinez, for the respondent. COUVILLION
MEMORANDUM FINDINGS OF FACT AND OPINION COUVILLION, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub.L. 99-514, section 1556, 100 Stat.    ) of the Code [1] and *6 Rules 180, 181, and 182. Respondent determined a deficiency in petitioner's Federal income tax for 1982 in the amount of $152, and additions to tax under sections 6651(a)(1), 6653(a)(1), and 6653(a)(2) in the amounts of $100, $7, and 50 percent of the interest due on $152, respectively. The issues are whether petitioner had unreported income from salaries or wages and whether petitioner is liable for the additions to tax for the year in question. The deficiency and additions to tax arise from unreported wages of $3,949, purportedly earned by petitioner during 1982. At trial, petitioner admitted he was married as of December 31, 1982. Respondent presented evidence that petitioner's wife, E. Susan Bentson, who is not a party to this proceeding, earned wages of $11,484.29 during 1982. Respondent thereupon moved to amend the answer to attribute one-half of the wife's earnings as taxable income to petitioner, and also to exclude one-half of petitioner's wages of $3,949 as taxable income to *7 him for the reason that petitioner and his wife were residents of Arizona during 1982 and, under Arizona Rev. Stat. Ann. section 25-211, all earnings of either spouse during marriage are considered community property. Thus, each spouse is taxable on one-half the earnings of the two. FINDINGS OF FACT At the time the petition was filed, petitioner's legal residence was Payson, Arizona. During 1982, petitioner was employed by Frontier Market of Payson, Arizona, and earned wages of $3,949.50.Petitioner was married to Elizabeth Susan Bentson during 1982, and she earned wages of $11,484.29 as an employee of The Mountain States Telephone and Telegraph Company. Respondent has no record of any income tax return having been filed by petitioner for the year 1982. The determination of the deficiency and additions to tax was based upon Wage & Tax Statements (Form W-2) filed with respondent by the respective employers of petitioner and his wife. Petitioner contends he and his wife filed a return for 1982, and that all taxes due for that year were paid. He also contends he was never audited and that respondent's computer printouts indicate he filed a return for *8 1982. OPINION It is well settled that the determinations made by respondent in a notice of deficiency are presumed correct and the burden of proof is on petitioner to show that the determinations are wrong. Welch v. Helvering,290 U.S. 111 (1933); Rockwell v. Commissioner,512 F.2d 882, 887 (9th Cir. 1975), cert. denied 423 U.S. 1015 (1973); Rule 142(a). However, under Rule 142(a), with respect to any new matter, increases in deficiency, and affirmative defenses pleaded in the answer, the burden of proof is on respondent. Thus, for the deficiency and additions to tax set out in the notice of deficiency, the burden of proof is on petitioner. However, for any increase in the deficiency and additions to tax resulting from the inclusion of one-half of petitioner's wife's earnings (and the exclusion of one-half of petitioner's earnings), the burden or proof is on respondent. The fact that petitioner was not audited and had no administrative hearing does not preclude respondent from issuing a notice of deficiency. This Court generally will not look behind a deficiency notice to examine evidence used or the propriety of respondent's *9 motives or of the administrative policy or procedures involved in making the determinations set out in the notice of deficiency. Proesal v. Commissioner,73 T.C. 600 (1979); Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974). A notice of deficiency only advises the taxpayer that respondent means to assess him and anything that does this unequivocally is good enough. Olsen v. Commissioner,88 F.2d 650, 651 (2d Cir. 1927). Petitioner admitted he earned compensation of $3,949 during 1982. He contends he filed a return for 1982; however, he did not produce a copy of this return nor did he present any other evidence of filing. He contends he paid his taxes for 1982, yet he could not produce evidence of payment and was vague as to the manner in which payment was made. Respondent's records, duly admitted into evidence and corroborated by the testimony of a representative of respondent, established to this Court's satisfaction that no return was filed by petitioner for 1982. We dismiss petitioner's indirect attempt to establish proof of filing by evidence obtained from respondent consisting of internal computer printouts. *10 Petitioner's claim that certain code numbers of respondent on these printouts established that he had filed a return. A representative of respondent testified that the code numbers did not represent or indicate a return had been filed. We accept respondent's explanation in this regard and find that petitioner failed to file a return for 1982. As to the increase in the deficiency attributable to the amended answer, we find that respondent has met his burden of proof. Petitioner admitted Elizabeth Susan Bentson was his wife, that they were married as of December 31, 1982, and were residents of Arizona during 1982. A representative of The Mountain States Telephone and Telegraph Co. established that "E. Susan Bentson" was an employee of that company in 1982 and earned wages of $11,484.29, and the address of said employee was the same as that of petitioner. On this record, respondent has established that petitioner is taxable for additional income represented by one-half his wife's earnings. Section 6651(a)(1) provides for an addition to tax for failure to timely file a return unless such failure is due to reasonable cause and not due to willful neglect. Sections 6653(a)(1) and *11 (2) provide for additions to tax for underpayment of tax due to negligence or intentional disregard of rules and regulations. Having found that no return was filed for 1982, and no credible reason was advanced by petitioner for the failure to file, the addition to tax under section 6651(a)(1) is sustained. Since petitioner's income was never reported and no payment of tax was made, the underpayment was, at minimum, due to negligence or intentional disregard of rules and regulations. Accordingly, the additions under sections 6653(a)(1) and (2) are sustained. [2]
Petitioner's motion for summary judgment, filed at the trial of this proceeding, is denied. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated; and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. No income taxes were withheld on the $3,949 wages earned by petitioner, and $86.80 income taxes were withheld on the $11,484 wages earned by petitioner's spouse.↩