EDWIN L. JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 22206-89
United States Tax Court
T.C. Memo 1991-139; 1991 Tax Ct. Memo LEXIS 158; 61 T.C.M. (CCH) 2254; T.C.M. (RIA) 91139; March 27, 1991, Filed *158 Decision will be entered under Rule 155. Edwin L. Johnson, pro se. Albert B. Kerkhove, for the respondent. SHIELDS, Judge. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION On June 16, 1989 a letter, which with its several enclosures is hereinafter described, was mailed by the office of the District Director, Internal Revenue Service, Omaha, Nebraska, to petitioner. In the letter it is stated that deficiencies in and additions to petitioner's Federal income taxes for 1977 through 1981 had been determined as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b) [1]
Sec. 6644
1977
$ 3,564
$ 1,782
--
1978
3,954
1,977
$ 106
1979
5,888
2,944
246
1980
7,546
3,773
480
1981
7,067
3,534
464
In the letter it is also stated that deficiencies in and additions *159 to petitioner's Federal income taxes for 1982 through 1985 had been determined as follows: Additions to Tax under Sections
Year
Deficiency
6651(a)
6653(a)(1)
6653(a)(2)
6654
6661
1982
$ 3,591
$ 898
$ 180
*
$ 349
--
1983
9,979
2,495
499
*
612
$ 2,495
1984
2,678
670
134
*
168
--
1985
2,985
746
149
*
170
--
In his answer respondent, in the alternative to the additions to tax under section 6653(b), asserted claims for additions to tax under section 6653(a) for 1977, 1978, 1979, and 1980 and under section 6653(a)(1) and (2) for 1981. On brief respondent also conceded the addition to tax under section 6661 for 1983. The issues are: (1) Whether the letter mailed to petitioner on June 16, 1989, constitutes a valid determination by respondent that there were deficiencies in income tax plus additions to tax due from petitioner for the years 1977 through 1985; and (2) if so, what is the correct amount of such deficiencies, *160 including self-employment taxes under section 1401, and additions to tax. FINDINGS OF FACT At the time he filed the petition herein, petitioner resided with his wife, Maxine Johnson, in Riverdale, Nebraska. On March 14, 1990 respondent served a request for admissions and a set of interrogatories on petitioner. Petitioner failed to answer the request for admissions and the interrogatories. When ordered by the Court to answer the interrogatories he refused to answer claiming privilege under the Fifth Amendment. The requested admissions were deemed admitted at the end of 30 days under Rule 90. Unless otherwise indicated the remainder of our findings are based upon the deemed admissions which are incorporated herein by reference. For 1975 and 1976 petitioner filed joint income tax returns with Mrs. Johnson in which he reported that he was employed during such years as the superintendent of roads for Kearney County, Nebraska, and received therefrom taxable wages in the respective amounts of $ 15,500 and $ 15,999.96. On the 1975 return petitioner claimed a total of six exemptions for himself, his wife, and four children. On the 1976 return he claimed a total of five exemptions *161 for himself, Mrs. Johnson, and three children. The 1975 return reflected a total tax due of $ 1,251.72 and total income tax withheld of $ 1,624.88 for an overpayment of $ 373.16 for which a refund was claimed. The 1976 return reflected a total tax due of $ 1,756 and total income tax withheld of $ 1,887.93 for an overpayment of $ 131.93 for which a refund was claimed. During 1977 and 1978 and part of 1979 petitioner continued to be employed by Kearney County and received taxable wages from this source in the amounts of $ 16,500, $ 17,500, and $ 5,314.16, respectively. For the remainder of 1979 through all of 1980 and all of 1981 and a part of 1982 petitioner was employed by Side Track, Ltd., and received taxable wages in the respective amounts of $ 17,487.59, $ 26,320.08, $ 25,500.08, and $ 5,208. During the balance of 1982 he was self-employed and received taxable income from an unknown source in the amount of $ 10,221. During 1983 and 1984 petitioner was self-employed and received taxable income from La Grange Equipment Company in the respective amounts of $ 29,113 and $ 11,628. In 1985 he was self-employed and received taxable income from an unknown source of $ 12,494. For *162 1977 petitioner had a total of $ 1,920 in income taxes withheld by Kearney County. On April 19, 1978, petitioner filed a Form W-4, Employee's Withholding Exemption Certificate, with Kearney County, in which he falsely claimed he was entitled to 22 exemptions. Upon the filing of this certificate, Kearney County ceased to withhold income taxes from his wages with the result that only $ 523 in income taxes were withheld by Kearney County during the early part of 1978 and none were withheld during the remainder of 1978 and all of 1979. On April 21, 1981, petitioner filed a Form W-4, Employee's Withholding Allowance Certificate, with his employer Side Track, Ltd., in which he falsely claimed that he was exempt from withholding because he did not owe any income tax for 1980 and did not expect to owe any income tax for 1981. The record does not reflect any withholding by Side Track from the wages earned by petitioner during his employment by Side Track during part of 1979 and all of 1980, 1981, and 1982. Petitioner did not pay any estimated income taxes or file Federal income tax returns for the years 1977 through 1985. On September 10, 1984 petitioner was convicted by a jury in the *163 United States District Court, Omaha, Nebraska, for willfully failing to file Federal income tax returns for 1978, 1979, 1980, and 1981 in violation of section 7203. The judgment of conviction in the District Court became final on March 10, 1985 without any appeal by petitioner. During the investigation by respondent's agents of the income tax liabilities of petitioner for the years 1977 through 1985 petitioner refused to cooperate with the agents and failed to produce any accounting books or other records of income or expenses. During the preparation of this case for trial, and even during the trial, petitioner was uncooperative with respondent's counsel and with the Court. At times he was belligerent. Furthermore, at the beginning of trial, petitioner claimed to be nearly deaf and insisted upon using as a hearing aid a device similar to those being widely advertised at that time as having the appearance of a small radio or tape player but in reality permitted the user to hear even a whisper at a distance. Petitioner subsequently discarded this device, however, apparently upon becoming aware that the Court had observed during a recess that without the device he was able to hear *164 and carry on a normal conversation with his wife and another party even on a busy street with relatively heavy automobile and pedestrian traffic. Subsequent to the trial petitioner submitted a document in which he attempted to withdraw his petition. The document was filed as a Motion to Dismiss his Petition. The motion was denied. The letter dated June 16, 1989 which petitioner claims is not a valid deficiency notice is on a partially preprinted form. In the lower right hand corner is the notation "Letter 531 (DO) (Rev. 1-87)." The form letter also bears a preprinted letterhead which reads "Department of the Treasury, Internal Revenue Service, District Director, 15th and Dodge Sts., Omaha, Nebr." The two pages of the preprinted form letter with filled in blanks contains the date, June 16, 1989; the name and address of petitioner; his Social Security Number; references to the tax years involved; and the name and telephone number of a person in the District Director's office who could be contacted by petitioner with respect to any questions. The form letter with its typewritten inserts concludes as follows: "Sincerely yours, Michael J. Murphy, Acting Commissioner, by Jerome L. *165 Frost, Omaha Review Coordinator." A handwritten signature for Jerome L. Frost appears immediately above his typewritten name. The letter is accompanied by numerous pages containing the determinations made by respondent with respect to the tax years involved and explanations of the manner in which respondent arrived at the determinations. By letter dated August 14, 1989, addressed to Mr. Frost, petitioner acknowledged receipt of the notice of deficiency dated June 16, 1989, and requested copies of the minutes of the meeting or meetings where it was determined that he was required to file income tax returns and where it was determined that he had a deficiency. By letter dated August 26, 1989, addressed to Mr. Frost, petitioner again requested copies of the minutes of the meeting where it was determined that he was required to file Forms 1040, where it was determined that he had a deficiency, and a copy of the delegation of authority for the person responsible for determining the deficiency. By letter dated May 10, 1990 and addressed to Catherine Bombere, Disclosure Officer, Internal Revenue Service, 106 South 15th Street, Omaha, Nebraska 68102, petitioner requested a copy of the *166 document giving Mr. Frost authority to sign and mail the notice of deficiency addressed to him on June 16, 1989. In reply to petitioner's letter of May 10, 1990, Ms. Bombere forwarded by letter dated May 22, 1990, a copy of Delegation Order No. 77, Authority to Issue or Execute Agreement to Rescind Notices of Deficiency. On June 8, 1990, petitioner filed a Motion to Strike the Deficiency Notice and in support thereof submitted a memorandum plus copies of the aforesaid correspondence with Mr. Frost and Ms. Bombere. The Motion to Strike the Deficiency Notice was denied. OPINION (1) Validity of Notice of Deficiency
At trial and on brief petitioner renewed his contentions that the deficiency notice issued by respondent in this case is invalid and consequently we do not have jurisdiction to redetermine the deficiencies and additions to tax involved. As we understand it, petitioner's argument is that (1) a valid determination was not made by respondent in this case and (2) if a valid determination was made the notice thereof was not issued by an authorized individual. In fact, his entire case appears to be his contention that the notice is invalid because he has not attempted *167 in any way to refute the deficiencies or the additions to tax set forth in the notice. We again conclude that petitioner's contentions have no merit. First, he argues that the notice is invalid because the deficiencies set forth therein could not have been determined by respondent from an examination by respondent of returns since he did not file returns for the years involved. Apparently this argument is based upon a misconception by petitioner of a reference to a notice of deficiency set out in Abrams v. Commissioner, 787 F.2d 939, 941 (4th Cir. 1986), which reads as follows: To qualify as a notice of deficiency, while a document need not assume any particular form, Commissioner v. Forest Glen Creamery Co., 98 F.2d 968, 971 (7th Cir. 1938), cert. denied, 306 U.S. 639, 59 S. Ct. 187, 83 L. Ed. 1039 (1939); Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937), nevertheless, it must meet certain substantial requirements. There must be a statement that the Internal Revenue Service has examined a return and determined a deficiency. It must inform the taxpayer of the exact amount *168 of the deficiency. Commissioner v. Stewart, 186 F.2d 239, 242 (6th Cir. 1951); Forest Glen Creamery Co., supra, at 971; Olsen, supra, at 651. As the letter of November 2, 1984 made pellucidly clear, examination of the returns of each individual taxpayer had not as yet been made. The most important observation to be made about the letter is that it left no doubt that, as yet, there had been no general review of any return, no computation of any deficiency nor any reduction in refunds to which the taxpayers might otherwise be entitled. It was in essence only fair warning of what the taxpayers sheltering income through the Liberty Financial 1983 Government Securities Trading Strategy might expect. The Internal Revenue Service explicitly deferred any decision as to whether there would be an adjustment in the tax liability reported on each return, in which case the rights of appeal legally provided to the taxpayers would then be available.
By lifting out of context the phrase in the above quotation that there "must be a statement that the Internal Revenue Service has examined a return" petitioner argues that in the absence of such a statement *169 in this case respondent has not made a determination. Petitioner's misconception as to the determination of an income tax deficiency where, as here, no return is filed becomes apparent when considered in the light of the definition of a deficiency as set out in section 6211 of the Code and section 301.6211-1, Proced. and Admin. Regs. Under these sections an income tax deficiency for a given taxable period is generally defined as being the excess of the correct tax due for such period over the amount of tax shown on the taxpayer's return for such period and any amounts previously assessed or collected without assessment less any applicable rebate. In Kurtzon v. Commissioner, 17 T.C. 1542 (1952) we reduced the definition of a deficiency to the following equation: deficiency = correct tax - tax on return + prior assessments - rebates. However, where as here, no return has been filed for the applicable period for which a deficiency is being determined the "tax on return" in the equation is shown as zero. Sec. 6211; sec. 301.6211-1(a), Proced. and Admin. Regs. Secondly, petitioner's contention that the notice of deficiency in this case was not issued by an authorized *170 person is equally without merit. The authority to determine and issue notices of deficiency is vested by statute in the Secretary of the Treasury or his delegate. Sec. 6212(a); sec. 7701(a)(11)(B); sec. 7701(a)(12)(A)(i). Under sections 301.6212-1(a) and 301.7701-9(b), Proced. and Admin. Regs., the Secretary of the Treasury has delegated to the various District Directors the authority to send deficiency notices to taxpayers. See Kellogg v. Commissioner, 88 T.C. 167, 173 (1987); also Perlmutter v. Commissioner, 44 T.C. 382, 385 (1965), affd. 373 F.2d 45 (10th Cir. 1967). The various District Directors possess the requisite authority to sign and mail statutory notices of deficiencies and to redelegate their authority to various subordinates such as Mr. Frost in this case as set forth in Delegation Order No. 77 (Rev. 24), 54 Fed. Reg. 10612 (Mar. 14, 1989). See sec. 301.7701-9(c), Proced. and Admin. Regs. See also Estate of Brimm v. Commissioner, 70 T.C. 15, 19-20 (1978); Wessel v. Commissioner, 65 T.C. 273 (1975); Kellogg v. Commissioner, supra. *171 We conclude, therefore, that petitioner has failed to carry his burden of proving that the notice of deficiency in this case was invalid. See Perlmutter v. Commissioner, supra; Kellogg v. Commissioner, supra.
(2) Deficiencies and Additions to Tax
Petitioner has the burden of proof with respect to the correct amount of the deficiencies determined by respondent for all of the years 1977 through 1985. He also has the burden of proof with respect to the additions to tax determined by respondent for the years 1978 through 1985 under section 6654 and for the years 1982 through 1985 under sections 6651(a)(1), 6653(a)(1), and 6653(a)(2). Sec. 7454; Rule 142(a). Since petitioner has failed to come forward with any evidence on any of these issues he has failed to carry his burden of proof. Furthermore, the deemed admissions clearly indicate that respondent's determinations with respect to these issues are correct. Therefore, we hereby sustain the deficiencies determined by respondent for the years 1977 through 1985. We also sustain respondent's determination of the additions to tax for the years 1978 through 1985 under section 6654 *172 and for the years 1982 through 1985 under sections 6651(a)(1), 6653(a)(1), and 6653(a)(2). With respect to the additions to tax for fraud determined by respondent with respect to the years 1977 through 1981 respondent has the burden of proof. Sec. 7454(a); Rule 142(b); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). To meet his burden with respect to fraud respondent is required to establish affirmatively with clear and convincing evidence that in each of the years 1977 through 1981 there was some underpayment of income tax by petitioner and that petitioner engaged in conduct intended to conceal, mislead, or otherwise avoid or prevent the collection of an income tax which he knew was owed. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner, 394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court. In other words, to prove fraud respondent cannot simply rely upon petitioner's failure to carry his burden of proof as to the underlying deficiencies. Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969). The presence or absence of fraud is a question of *173 fact which is to be determined from the entire record including deemed admissions. Gajewski v. Commissioner, 67 T.C. 181, 191 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978); Marshall v. Commissioner, 85 T.C. 267, 272-272 (1985); Doncaster v. Commissioner, 77 T.C. 334, 336-338 (1981). With the deemed admissions obtained by respondent from petitioner in this case we are satisfied that respondent has clearly and convincingly established the following ultimate facts: (1) With regard to the taxable years 1978, 1979, 1980, and 1981, petitioner is collaterally estopped by his criminal conviction under section 7203 from denying that he willfully failed to file returns for those years. Castillo v. Commissioner, 84 T.C. 405, 409-410 (1985). (2) From the returns filed by petitioner for 1975 and 1976 it is apparent that he was aware of his obligation to report his wages as taxable income. In spite of this demonstrated knowledge he did not report a substantial amount of wage income earned in each of the years 1977 through 1981. Under these circumstances, this failure is *174 a factor to be considered in determining whether a fraudulent intent is present. Rowlee v. Commissioner, supra.
(3) For each of the years 1977 through 1981 petitioner failed to report and pay income tax on substantial amounts of income which he knew was taxable. This failure is also evidence of a fraudulent intent. Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986); Powell v. Granquist, 252 F.2d 56, 61 (9th Cir. 1958). (4) During 1978 and 1981 petitioner submitted Forms W-4 to his employers which he knew were false. Falsely claiming an excessive number of exemptions or falsely claiming exemption from income tax is evidence of fraud. Stephenson v. Commissioner, 79 T.C. 995, 1007 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Habersham-Bey v. Commissioner, 78 T.C. 304, 313-314 (1982). (5) Petitioner failed to keep or produce for inspection by respondent's agents any books or records of his income or expenses. Such a failure is considered evidence of fraud. Bradford v. Commissioner, supra.
(6) Petitioner failed to cooperate with *175 respondent's agents in the determination of his income and expenses. Such failure is also evidence of a fraudulent intent. Powell v. Granquist, supra at 61; Grosshandler v. Commissioner, 75 T.C. 1, 20 (1980); Gajewski v. Commissioner, supra at 200. In view of all of the foregoing we are satisfied that respondent has carried his burden of establishing with clear and convincing evidence that petitioner is liable for the additions to tax for fraud under section 6653(b) for the years 1977 through 1981. We conclude, therefore, that with the exception of the addition to tax under section 6661 for 1983, which respondent has conceded, respondent's determinations of the deficiencies and additions to tax in this case are correct. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the deficiency.↩