933 F.2d 1019
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Joseph R. LAM, Petitioner-Appellant,
v.
COMMISSIONERS OF INTERNAL REVENUE, Respondent-Appellee.
 No. 87-2720.
 United States Court of Appeals, Tenth Circuit.
 May 23, 1991.
 
 ORDER AND JUDGMENT*
 Before HOLLOWAY, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Joseph Lam appeal the Tax Court's dismissal of his complaint pursuant to Fed.R.Civ.P. 12(b)(6). We review de novo the sufficiency of a complaint in the context of a motion to dismiss. N.L.R.B. v. Weathercraft Company of Topeka, Inc., 832 F.2d 1229 (10th Cir.1987).
 
 
 3
 Lam alleges in his complaint that (1) he is not a taxpayer; (2) his wages are not taxable; and (3) the court has no jurisdiction over him. The Tax Court carefully analyzed each of Lam's contentions, and it dismissed the petition.
 
 
 4
 We affirm the Tax Court's dismissal for failure to state a claim upon which relief can be granted and its award of $1200 in damages for the United States for substantially the same reasons set forth in the Court's Memorandum Sur Order, a copy of which is attached hereto.
 
 ATTACHMENT
 UNITED STATES TAX COURT
 Docket No. 48892-86
 MEMORANDUM SUR ORDER
 
 5
 Aug. 7, 1987.
 
 
 6
 This case was assigned to the undersigned for consideration and ruling pursuant to the provisions of section 7456(c) and (d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub.L. 99-514, section 1556, 100 Stat. 2755) and Rule 180.[1] It is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted under Rule 40, filed April 21, 1987. In the motion, respondent requests damages against petitioner under section 6673. On May 4, 1987, petitioner filed an objection to respondent's motion and, in the same pleading, moved to dismiss the case for lack of jurisdiction. Respondent filed a reply on May 26, 1987, and an objection to petitioner's motion to dismiss. Petitioner then filed, on June 8, 1987, a "Response to Respondent's Response."
 
 
 7
 Respondent issued a notice of deficiency on September 22, 1986, in which a deficiency of $1,876.00 in Federal income tax was determined with respect to petitioner's 1984 tax year, and additions to tax under sections 6651(a), 6653(a)(1) and (2), and 6654(a), in the amounts of $419.00, $93.80, 50% of the interest due on an underpayment of $1,676.00, and $102.00, respectively. These determinations are based on the following adjustments to petitioner's income for 1984:
 
 
 8
 $2,038.00 Flint Engineering & Construction Co.
 
 5,263.00 Project Construction Corporation
 5,911.00 Calcon Corporation
 36.00 Omaha Woodmen Life Insurance Society
 
 9
 28.00 Connecticut Mutual Life Insurance Co.
 
 598.00 Unemployment Compensation
 
 10
 (1,000.00) Personal Exemption
 
 
 
 $12,874.00 Total Adjustments
 At the time this action was instituted, petitioner alleged his legal residence to be Evanston, Wyoming.
 In his initial petition, petitioner essentially challenged the legality of the notice of deficiency, claiming the deficiency notice was based upon a "fabricated 1040 form;" that such forms (1040) were designated for use by "taxpayers" and that he, petitioner, was a "nontaxpayer," therefore, the notice of deficiency was not applicable to him. Petitioner further expounded on his position by stating that a "taxpayer" was a person having liability for tax and was, therefore, one who was subject to "tax law." He, petitioner, having exercised his "constitutional rights" elected not to be a taxpayer and, therefore, this action by respondent really did not apply to him. Petitioner further alleged invalidity of the notice of deficiency under the Administrative Procedure Act, 5 U.S.C. section 554.
 On January 6, 1987, the Court, by order, advised petitioner that his petition did not comply with the Rules of the Court as to form and that he should file an amended petition on or before March 9, 1987. An amended petition was filed on March 9, 1987; however, the substantive portions of this filing added very little to what petitioner previously pleaded: (1) lack of jurisdiction, (2) the Administrative Procedure Act, and (3) that his wages were not subject to taxes.
 In his objection to respondent's motion to dismiss, petitioner admitted he did not file a Federal income tax return for 1984 and alleged, moreover, that the filing of a return "is not and cannot be required of anyone" since to require the filing of a return is contrary to the "voluntary nature of complicity to self assessment." In his "Response to Respondent's Response," petitioner contends he is entitled to a jury trial under the Sixth and Seventh Amendments of the U.S. Constitution.
 Petitioner's motion to dismiss for lack of jurisdiction is based on a conglomeration of all the above recited allegations, including, in particular, the failure of respondent to follow the Administrative Procedure Act.
 We reject petitioner's contention that the Administrative Act, 5 U.S.C. section 500 et seq, precludes this Court from jurisdiction of his tax case or renders invalid the notice of deficiency. Section 554(a) of the Administrative Procedure Act states that the provisions of the act are not applicable where there is involved a matter subject to a subsequent trial of the law and the facts de novo in a court. A notice of deficiency, therefore, which is issued by the Internal Revenue Service under section 6212 is an administrative determination by the Internal Revenue Service that taxes are due; however, it is not a final determination. Under section 6213(a), the taxpayer receiving a notice of deficiency is allowed a right to institute a proceeding in this Court to have judicially determined the accuracy of that determination. Section 6213(a), therefore, is clearly the type proceeding envisioned by section 554(a) of the Administrative Procedure Act. Moreover, even if a timely petition is not filed with the Tax Court, there are other legal remedies available to the taxpayer for adjudication of the dispute. We further dismiss petitioner's reliance on 5 U.S.C. section 703 as a basis for his motion to dismiss for lack of jurisdiction. The statute relied on by petitioner relates to the judicial review of decisions of Federal agencies. Section 703 clearly provides that the form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute. Petitioner here has a tax problem under a statute, the Internal Revenue Code. That statute, the Internal Revenue Code, specifies the Tax Court as one court in which tax disputes may be adjudicated. Petitioner has availed himself of this Court, therefore, he has no basis for citing 5 U.S.C. section 703 in support of his motion for lack of ljurisdiction.
 In this connection, petitioner is reminded that this Court generally will not look behind a deficiency notice to examine the evidence used or the propriety of the Commissioner's motives or the administrative policy or procedures which were involved in making the determinations which led to issuance of the notice. Proesel v. Commissioner, 73 T.C. 600 (1979); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). A deficiency notice may have no ground, and it need not be signed at all to be valid. Indeed, a notice of deficiency is only to advise the person to whom the notice is addressed that the Commissioner means to assess him; anything that does this unequivocally is good enough. Olsen v. Commissioner, 88 F.2d 650, 651 (2d Cir.1927). The determinations made by respondent in a notice of deficiency are presumed correct; the burden of proof is on the person to whom the notice is addressed to show that the determinations are wrong and the imposition of the burden of proof is constitutional. Welch v. Helvering, 290 U.S. 111 (1933); Rockwell v. Commissioner, 512 F.2d 882, 887 (9th Cir.1975); Rule 142(a).
 For those reasons, petitioner's motion to dismiss is denied.
 Addressing respondent's motion to dismiss for failure to state a claim upon which relief can be granted, Rule 34(b)(4) requires a petitioner challenging a notice of deficiency to allege "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability." Rule 34(b)(5) requires the petitioner to allege "clear and concise lettered statements of the facts on which petitioner bases the assignments of error * * *."
 We dismiss petitioner's allegations that he is not a "taxpayer" and, therefore, not subject to the Internal Revenue laws; that his wages are not subject to tax; and that he is entitled to a jury trial.
 All taxpayers with taxable income are generally required by law to file Federal income tax returns. Section 6012. Under sections 6651 and 7203, taxpayers who fail to file returns may be subject to civil additions to the tax and prosecution for criminal offenses. Therefore, the matter of filing tax returns and paying taxes is not voluntary. Petitioner has no right to "opt out" or elect "nontaxpayer" status as he claims.
 It is well settled that wages constitute taxable income. Section 61 encompasses all realized accessions to wealth. Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955). Income as defined under the Sixteenth Amendment is "gain derived from capital, from labor, or from both combined." Eisner v. Macomber, 252 U.S. 189, 207 (1920).
 With respect to a jury trial, there is no authority or procedure authorized for the Tax Court to hear its cases before a jury. There is no deprivation of a constitutional right under the Seventh Amendment because that amendment does not apply to actions against the United States. See McElrath v. United States, 102 U.S. 426, 440 (1880). It has been repeatedly held that there is no constitutional right to a jury trial in the Tax Court. Phillips v. Commissioner, 283 U.S. 589, 599 n. 9 (1931); Dorl v. Commissioner, 507 F.2d 406 (2d Cir.1974), affg. 57 T.C. 720 (1972).
 Under these circumstances, petitioner has failed to plead facts or advance any legal theory which would indicate that respondent's determinations are incorrect. Since the presumption of correctness is in favor of respondent, we find that respondent's motion is in order and is, therefore, granted. Petitioner, therefore, is liable for the tax and the additions to tax shown on the notice of deficiency.
 We are convinced from the record that petitioner well knows his income is taxable and that this proceeding is not only frivolous, but has been instituted and maintained by him primarily for delay. Under section 6673, we are empowered to award damages in favor of the United States up to $5,000. Respondent has requested the imposition of damages. This request is granted, and damages are awarded the United States in the amount of $1,200.00.
 /s/ D. Irvin Couvillion
 Special Trial Judge
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted