**MANUFACTURING & MARKETING CONCEPTS, INC., Plaintiff,**

v.

**SOUTHERN CALIFORNIA CARBIDE and Harjeet Singh, Defendants.**

No. 95 C 5704.

United States District Court, N.D. Illinois, Eastern Division.

March 28, 1996.

Richard James Lofgren, Billie J. Montgomery, Law Offices of Richard J. Lofgren, Chicago, Illinois, for plaintiff.

Edward Stuart Margolis, Mark Daniel Chapleau, Teller, Levit & Silvertrust, Chicago, Illinois, for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court are plaintiff Manufacturing & Marketing Concepts, Inc.'s ("MMCI") motion to remand this case to state court and defendants Southern California Carbide's ("Carbide") and Harjeet Singh's ("Singh") (collectively, "defendants") motion for change of venue. For the reasons that follow, the court grants MMCI's motion to remand and denies defendants' motion for change of venue.

### I. BACKGROUND

MMCI, an Illinois corporation with its principal place of business in Hoffman Estates, Illinois, manufactures custom machinery. Carbide, a California corporation with its principal place of business in San Diego, California, supplies component parts of the type that MMCI uses in its machines. Singh, a California resident, is the president of Carbide.

In May 1995, MMCI placed two purchase orders ("Purchase Orders 507 and 508") with Carbide, specifying that Carbide was to deliver the items purchased by July 1995. Both purchase orders included terms and conditions, which provided for such things as damages for breach of the purchase orders and choice of forum for resolution of any disputes arising out of the purchase orders.

Carbide failed to deliver the items by the dates specified in the purchase orders. On August 9, 1995, MMCI informed defendants that it intended to sue defendants because of their failure to make timely delivery. However, on August 29, 1995, Carbide filed a four-count lawsuit against MMCI in the United States District Court for the Southern District of California. In that lawsuit, Carbide alleges that MMCI has not paid it for various goods, wares, and merchandise that Carbide sold and delivered to MMCI, including the items named in Purchase Orders 507 and 508.

On August 31, 1995, unaware of Carbide's lawsuit, MMCI filed a lawsuit against Carbide and Singh in the Circuit Court of Cook County based on Carbide's breach of Purchase Orders 507 and 508. On October 5, 1995, defendants removed MMCI's case to this court. On October 11, 1995, MMCI filed its motion to remand the case to the circuit court. Two days later, defendants filed their motion to transfer, which was styled as a motion for a change of venue, seeking to have this case transferred to the district court in the Southern District of California.

## II. DISCUSSION

### A. Motion to Remand to State Court

MMCI moves to remand its cause of action to the Circuit Court of Cook County on the ground that the terms and conditions accompanying Purchase Orders 507 and 508 provide that lawsuits arising out of the purchase orders are to be brought in an Illinois court. Though MMCI does not specify, the court assumes that MMCI's motion is pursuant to 28 U.S.C. § 1447(c).

Defendants contend that they never saw the terms and conditions that supposedly accompanied the purchase orders, and never agreed to such terms and conditions. Defendants also contend that the forum selection clause designates only a geographic location, and does not preclude defendants from removing this action to federal court. The court finds both arguments without merit, and finds the forum selection clause valid and enforceable.

### 1. Defendants' lack of knowledge of the forum selection provision

Defendants apparently seek to create a question of fact regarding the validity of the forum selection clause by asserting that they never saw the forum selection clause and never agreed to it. Defendants contend that they received Purchase Orders 507 and 508 by fax, that each fax transmission had only one page, and that the purchase orders made no reference to terms and conditions. Defendants argue that throughout the entire relationship between the parties, MMCI had never appended a separate page for terms and conditions on its purchase orders. Singh filed an affidavit to this effect. (See Def.'s Mem. in Resp. to Pl.'s Mot. to Remand at 2–3; id. Aff. of Harjeet Singh.)

However, MMCI's president, Roger C. Shekhar, counters Singh's affidavit with his own, explaining the relationship between Carbide and MMCI. (See Pl.'s Reply Mem. in Supp. of its Mot. to Remand Ex. A.) According to Shekhar, in May 1995, MMCI began to require Carbide to comply with new terms and conditions because Carbide continually breached the delivery terms of past purchase orders. (Id. Ex. A ¶¶ 6–7.) On May 23, 1995, Shekhar sent a cover letter, Purchase Order 507, and the new terms and conditions by fax and by United States mail to Singh. (Id. Ex. A ¶ 7, Ex. D.) On May 25, 1995, Shekhar also sent to Singh by mail Purchase Order 508 and its terms and conditions. (Id. Ex. A ¶ 8, Ex. D.)

Defendants did not reject the purchase orders or their terms and conditions. (Id. Ex. A ¶ 9.) Defendants missed the July delivery deadline specified in both purchase orders, but made a partial, though late, delivery on August 8, 1995. (Id. Ex. A ¶ 10, Ex. F, Ex. G, Ex. H.) On August 9, 1995, after Carbide failed to meet the delivery terms specified in Purchase Orders 507 and 508, Shekhar mailed another letter to Singh informing him that MMCI intended to file a lawsuit seeking damages as specified in the terms and conditions of the purchase orders. (Id. Ex. A ¶ 11, Ex. H.)

Based on the foregoing, the court finds that the parties' submissions to the court show unequivocally that the terms and condi-

tions, including the forum selection clause, accompanied Purchase Orders 507 and 508, and that MMCI mailed the purchase orders and terms and conditions to defendants. Because the court finds that MMCI mailed the purchase orders and terms and conditions to defendants, it presumes that defendants received them. *See, e.g., Haag v. Comm'r of Internal Revenue,* 59 F.2d 516, 517 (7th Cir. 1932); *In re Nimz Transp., Inc.,* 505 F.2d 177, 179 (7th Cir.1974); *Hagner v. United States,* 285 U.S. 427, 430, 52 S.Ct. 417, 419, 76 L.Ed. 861 (1932).

Accordingly, the court finds no merit in defendants' contention that they did not agree to the terms and conditions that included the forum selection clause.

## 2. Defendants' right to remove action to federal court sitting in Illinois

█ Defendants contend that, even if they agreed to the terms and conditions in the purchase orders, they never waived their right to remove this case to federal court because the forum selection clause encompasses this court. The forum selection clause in the terms and conditions of the purchase orders states: "Any dispute arising out of this [sic] Terms & Conditions and the Purchase Orders could [sic] be settled only in an ILLINOIS COURT, the State where the customer MMCI operates her business." (Pl.'s Mem. in Supp. of its Mot. to Remand Ex. A at 2 ¶ 6, Ex. B at 2 ¶ 6.) Defendants argue that this provision concerns only the geographic location of the court rather than any preference of a state court over a federal court. The court disagrees.

The court finds that the term "an Illinois court" plainly means an Illinois state court. The United States District Court for the Northern District of Illinois is not "an Illinois court;" it is a federal court. The court notes that if MMCI had wanted to include this court in its forum selection clause, it could have worded the provision as follows, for example: "Any dispute arising out of these Terms and Conditions and Purchase Orders may be settled only in an Illinois state court or federal court sitting in Illinois . . . ." The court will not read such an intent into a provision that clearly states otherwise.

Because the forum selection provision selects an Illinois court as the forum of choice, the cause of action between MMCI and defendants currently does not reside in the forum provided by the forum selection clause.

## 3. Validity of forum selection clause

█ Forum selection clauses are *prima facie* valid. *Frietsch v. Refco, Inc.,* No. 92 C 6844, 1994 WL 494945, *3 (N.D.Ill. Sept. 6, 1994), *aff'd,* 56 F.3d 825 (7th Cir.1995) (citing *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972)). " 'Courts will enforce forum selection clauses unless the party opposing enforcement shows that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.' " *Frietsch,* 1994 WL 494945, *3 (quoting *Bremen,* 407 U.S. at 10, 92 S.Ct. at 1913). A party seeking to avoid a forum selection clause has the burden of showing that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Frietsch,* 1994 WL 494945, *3 (quoting *Bremen,* 407 U.S. at 18, 92 S.Ct. at 1917).

█ In the present case, there is no indication that MMCI procured the forum selection clause by fraud or overreaching. Moreover, defendants cannot claim that trial in an Illinois court would be so gravely difficult and inconvenient that they will, for all practical purposes, be deprived of their day in court. The Illinois court to which MMCI seeks remand, the Cook County Circuit Court, is in the same city as and merely blocks away from the federal court to which defendants had this action removed.

Accordingly, the court finds that the forum selection clause in the terms and conditions of Purchase Orders 507 and 508 is valid and enforceable, and grants MMCI's motion to remand its cause of action to the Illinois state courts.

## B. *Motion to Transfer*

█ Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(3) for a change

of venue. As a preliminary matter, the court notes that a motion brought under Rule 12(b)(3) is typically brought as a motion to dismiss for improper venue. Defendants' motion seems to be more like a motion to transfer under 28 U.S.C. § 1404(a). Whatever it is called, defendants' motion seeks to have MMCI's case transferred to the federal district court for the Southern District of California, where defendants' case against MMCI now is pending.

The court recognizes that defendants' California case is the earlier-filed case, and may concern at least some of the same issues involved in MMCI's case. However, because the court finds that MMCI's cause of action properly belongs in the Illinois state courts, the court declines to contravene the forum selection clause by transferring the case to the federal court in California. The court presumes the parties are aware of the consequences of having two actions arising out of the same nucleus of facts pending in two separate forums. It is up to the parties to proceed accordingly to avoid any *res judicata* or collateral estoppel problems.

Accordingly, the court denies defendants' motion to transfer this case to the United States District Court for the Southern District of California.

### III. *CONCLUSION*

For the foregoing reasons, the court grants MMCI's motion to remand this case to the Circuit Court of Cook County and denies defendants' motion for a change of venue.