PHIL GLEICHMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18121. Promulgated August 27, 1929.

*Richard S. Doyle, Esq.*, and *Lee I. Park, Esq.*, for the petitioner.
*J. E. Mather, Esq.*, and *Jeff T. Jones, Esq.*, for the respondent.

OPINION.

LANSDON: The petitioner alleges that section 280 of the Revenue Act of 1926 is unconstitutional. In *Henry Cappellini et al.*, 14 B. T. A. 1269, we held that where transferees have invoked the provisions of this section by appealing to the Board they may not in such proceedings question its validity.

The petitioner's second contention is that the assessment and collection of the taxes against the petitioner is barred by the statute of limitations. The taxpayer's return for 1919 was filed on March 15, 1920. Assessment of the tax was made on May 15, 1924, which was prior to the passage of the Revenue Act of 1924. The statutory period within which the assessment could be collected expired on March 15, 1925, which is prior to the passage of the Revenue Act of

1926. See section 250 (d) of the Revenue Act of 1918 and section 277 (a) (2) of the Revenue Act of 1924. The liability of the petitioner for the 1919 taxes of the theatre company was asserted May 26, 1926, at which time collection from such company was barred by the statute of limitations. *Russell* v. *United States*, 278 U. S. 181. Collection of the taxes from petitioner as transferee was also barred by the statute of limitations and the liability was extinguished by section 1106 of the Revenue Act of 1926. *Marion Parsons Spencer*, 11 B. T. A. 437; *D. E. Wheeler*, 16 B. T. A. 96.

The taxpayer's return for the year 1920 was filed on March 15, 1921. Assessment of the deficiency determined was made on May 15, 1924. The statutory period within which collection could be made extended to March 15, 1926. See section 250 (d) of the Revenue Act of 1918 and section 277 (a) (2) of the Revenue Act of 1924. The Revenue Act of 1926 was approved on February 26, 1926. Section 278 (d) and (e) of that Act extends the period in which collection can be made to six years after the date of the assessment. It will be noted that section 278 of the 1926 Act omits the provision, found in section 278 (e) (2) of the Revenue Act of 1924, that "this section shall not * * * (2) affect any assessment made, or distraint or proceeding in court begun before the enactment of this Act." This was the basis of the Supreme Court's decision in *Russell* v. *United States*, *supra*. The period within which collection could have been made against the taxpayer was thus extended to May 15, 1930.

Section 280 (b) (1) and (2) of the Revenue Act of 1926 extended the period of limitation for assessment of any liability against transferees for unpaid taxes of the transferor as follows:

(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; or

(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this Act but assessment against the taxpayer was made within such period—then within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act.

The period of limitation within which collection could have been made against the transferors having been extended by section 278 (d) and (e) to six years after the assessment, and such extension being specifically applicable to assessments made prior to the enactment of the 1926 Act, section 1106 of that Act does not operate to extinguish the liability as was the case in *Marion Parsons Spencer*, *supra*, and *D. E. Wheeler*, *supra*, since the statute of limitation has not run within the meaning of that section. The statute not having run against the taxpayer, the extension provided in section 280 (b) for assessment against the petitioner as transferee becomes operative

and the liability asserted herein on May 26, 1926, is within the statutory period. *Louis Costanzo*, 16 B. T. A. 1294.

The remaining issue to be determined is whether petitioner is liable as a transferee under section 280 of the Revenue Act of 1926, which provides:

(a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of deliquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :

(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess profits, or war-profits tax Act.

This proceeding was heard after the enactment of the Revenue Act of 1928, section 602 of which provides in part:

Title IX of the Revenue Act of 1924, as amended, is further amended by adding at the end thereof two new sections to read as follows:

" TRANSFEREE PROCEEDINGS.

" SEC. 912. In proceedings before the Board the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax."

The petitioner has introduced no evidence with respect to the tax liability of the theatre company, and for the purposes of this proceeding we must assume that it owed the tax in question. It remains for us only to determine whether the respondent has borne the burden of showing that this petitioner is liable to pay the tax for 1920 as transferee of the assets of the taxpayer.

The respondent alleges that the petitioner has withdrawn cash approximating $140,000 from the taxpayer, which in 1924 stood as an account receivable. In support thereof he offers certain pages from the general ledger of the corporation, which are styled "Account Phil Gleichman" and contain something over a hundred debit and credit entries similar to the following:

| Date | Folio | Postings |
|------|-------|----------|
| Feb. 12 | 26 | 5,000 |
| Feb. 26 | 29 | 1,000 |

Such entries fail to disclose the nature of the transactions so recorded. The books of orignal entry were not offered and there is no showing that they could not have been produced if a subpœna duces tecum had been served upon the proper party. The petitioner was subpœnaed to bring in the books of the theatre company. He has

had no connection therewith since 1924. The ledger account referred to above does not show a balance due such company. It is alleged by the respondent that certain of the credit entries appearing in the credit account are ficticious, but the proof does not sustain this allegation. We think the respondent has failed to establish that the petitioner is transferee of the assets of the Broadway-Strand Theatre Co.

It is admitted that the theatre company has never been dissolved and the record at least implies that it is still operating the Broadway-Strand Theatre in Detroit. The petitioner sold his stock in 1924, at which time the taxpayer's assets consisted only of a lease on the theatre building, a pipe organ, seats and other furniture and a booking franchise. The transferee liability against petitioner was asserted February 26, 1926. There is no attempt to show that the taxpayer could not pay.

Before proceedings may be brought against a transferee the law requires that the remedies against the transferor must have been exhausted to no avail. *Swan Land & Cattle Co.* v. *Frank*, 148 U. S. 603, which decision was cited in the report of the Senate Finance Committee (p. 29) on section 280 of the Revenue Act of 1926. The Supreme Court said in *Pierce* v. *United States*, 255 U. S. 398:

It is true that the bill to reach and apply the assets distributed among the stockholders cannot, as a matter of equity jurisdiction and procedure, be filed until the claim has been reduced to judgment and the execution thereon has been returned unsatisfied, *Hollins* v. *Brierfield Coal & Iron Co.*, 150 U. S. 371.

Except for section 280, the respondent could not have proceeded against the petitioner until he had exhausted available remedies against the theatre company. We think he has not exhausted such remedies. The theatre company is, so far as the record shows, still in existence. A revenue agent testified that he examined the theatre company's books and investigated its ability to pay in 1924 and determined that there was nothing against which satisfaction could be obtained. The transferee liability was not asserted until May, 1926. There is nothing in the record to show the financial condition of the theatre company at that time.

Section 280 creates no new liability, but only allows the respondent an additional means of proceeding against a transferee when such transferee would be liable at law or in equity. The respondent has failed to establish any liability on the part of petitioner as a transferee of assets of the Broadway-Strand Theatre Co.

*Decision will be entered for the petitioner.*