CHARLES S. RAUH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19226.   Promulgated March 10, 1931.

*Frank C. Olive, Esq.*, for the petitioner.
*J. A. Lyons, Esq.*, for the respondent.

OPINION.

MORRIS: The facts bearing upon what the parties have termed a "jurisdictional point" are that there were three separate corporations, with slightly different names, all organized and incorporated under the laws of the State of Indiana, and apparently all engaged in the same or a similar business with the same or substantially the same owners or stockholders. American Sanitary Lock Company operated from 1912 to July 15, 1919, when its business was trans-

ferred to The American Sanitary Lock Company, which operated from that date until April 18, 1920, when its property and business were "sold, assigned and transferred to the petitioner," who, on the same day "sold, assigned and transferred" them to the third company, American Sanitary Lock Corporation.

Thus, it will be observed, the only difference between the name referred to in the respondent's deficiency notice and the name of the company which actually operated in 1919 and which transferred its assets to the petitioner is that the respondent's designation concluded with the word " Corporation " instead of the word " Company." The petitioner contends that he can not be held liable as a transferee, on the ground that the deficiency notice charges him with being a transferee of The American Sanitary Lock *Corporation*, whereas, if he was a transferee at all, he was transferee of the property and assets of The American Sanitary Lock *Company*.

The liability sought to be collected is for 1919 and although the respondent's designation of the transferor was not entirely correct, it is clear that he did not refer to American Sanitary Lock Corporation, because that corporation was not in business in the taxable year in controversy and, furthermore, it does not appear that any transfer of assets from that company has ever been made.

We are of the opinion, therefore, that a merely formal defect of this nature, in a case of this sort, where the intendment has been made clear and unmistakable, can not in and of itself defeat the liability of the petitioner under section 280, *supra*.

The third issue herein, attacking the constitutionality of section 280 of the Revenue Act of 1926, must be disposed of in accordance with *Henry Cappellini et al.*, 14 B. T. A. 1269, holding that the petitioner invoked section 280 of the Revenue Act of 1926 to secure a redetermination may not question its validity.

The remaining issues, therefore, although four in number, present only two questions for determination, namely:

(a) Is the collection of the said amount barred by the statute in so far as the petitioner is concerned? and

(b) Is the petitioner a transferee and therefore liable for the payment of the proposed deficiency under section 280, *supra?*

The petitioner predicates the question of whether the collection of the tax is barred by the statute of limitations, upon a technical defect in a waiver filed for " The American Sanitary Lock Co." on or about October 18, 1924. The body of that waiver shows that it covered the tax liability of " The American Sanitary Lock Co.," which is the same company considered as the transferor hereinabove, that it covered the taxable year 1919, and it was signed "American Sanitary Lock Co., by Leo Kahn, President." In other

words, the petitioner contends that because of the omission of the word " The " the said waiver was ineffective to stay the running of the statute. With this we can not agree. What actually happened is clear. When a waiver was requested for The American Sanitary Lock Co. for 1919 in 1924, that company was out of business, so that Kahn used the rubber stamp of "American Sanitary Lock Corp." striking therefrom the letters " rp " in " Corp.," undoubtedly meaning to conform to the title of the company intended, but failing to add the word " The " in front of the title. The stipulated facts show clearly that Kahn was president of " The American Sanitary Lock Co." and that it was that company's tax liability for 1919 intended to be covered by said waiver; therefore, the mere fact that the word " The " was omitted from the name of the company does not invalidate and render void a waiver which in all other respects is perfectly valid. See *Fidelity Storage Corporation*, 18 B. T. A. 517.

Having so decided, the further question is whether the petitioner is liable as a transferee of the assets of The American Sanitary Lock Company.

Section 602 of the Revenue Act of 1928 provides that:

In proceedings before the Board the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax.

The stipulated facts show in one place that the properties and business of the taxpayer were " sold, assigned and transferred " to the petitioner, and in another place that the petitioner "purchased all of the property and assets " of the taxpayer. Those are the vital facts submitted to sustain the burden of proof that the petitioner is liable as a transferee. Without more, such agreed facts, instead of sustaining the burden of proof that the petitioner is liable as a transferee, would tend to indicate that he may have been a bona fide purchaser for value in the due course of business instead and, therefore, not liable as a transferee under the doctrine laid down in *Metropolitan Securities Corporation*, 19 B. T. A. 299. This is especially true when considered in the light of other deficiencies in proof and when we consider that the respondent, knowing that the burden of proof rested upon him to substantiate the liability of the transferee, unqualifiedly agreed that the transaction constituted a " purchase " and " sale." It does not definitely appear in the stipulated facts that the petitioner was even a stockholder at the time of such transfer, and, therefore, we can not indulge in what might otherwise be a logical presumption, if such fact has been proven, that he merely surrendered his stock and distributed the assets to himself in dis-

solution any more than we can presume that because he had previously acquired all of the taxpayer's capital stock he continued to be, and was at the time of such transfer, still a stockholder. Furthermore, it is well settled that the petitioner, as a transferee, can be held as such only to the extent of the value of the property received from the taxpayer. *Lillian Burke*, 21 B. T. A. 45. And it is incumbent upon the respondent, as a part of his burden of proof, to show that the property alleged to have been received had such value. *Ludwig Vogelstein*, 16 B. T. A. 947. Here again we find the stipulated facts deficient and again we assert that we can not presume that because the assets purchased or acquired were immediately sold to American Sanitary Lock Corporation for its common stock, having a par value of $119,500, that the value of the assets received from the taxpayer had that value or any other specific value. All of these things should have been proven by the respondent. They can not be supplied by us through pure conjecture. See *Frances W. Haines*, 20 B. T. A. 721; *Phil Gleichman*, 17 B. T. A. 147; and *Joseph A. Steinle, Administrator, et al.*, 19 B. T. A. 325.

Therefore, for the above and foregoing reasons we are of the opinion that the respondent has failed to sustain the burden of proof that the petitioner is liable as a transferee as required by section 602, *supra*.

*Decision will be entered for the petitioner.*