RIO GRANDE HOLDING, INC., F.K.A. RIO GRANDE INDUSTRIES, INC., AND SUBSIDIARIES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rio Grande Holding v. Commissioner
Docket No. 1098-93
United States Tax Court
T.C. Memo 1994-240; 1994 Tax Ct. Memo LEXIS 235; 67 T.C.M. (CCH) 3022; May 26, 1994, Filed *235 For petitioner: William E. Saul and Alfred P. Paladino. For respondent: Emron M. Pratt, Jr. and Lana Eckhardt. RUWE
RUWE
MEMORANDUM OPINION RUWE, Judge: This matter is before the Court on petitioner's motion to dismiss for lack of jurisdiction. Respondent determined deficiencies in tax and an addition to tax as follows: Addition to Tax TYE Deficiency
Sec. 6661 Dec. 31, 1980
$  3,141,362
--  Dec. 31, 1983
78,758
$ 19,690
Oct. 31, 1984
14,657,996
--  Background
The relevant facts can be summarized as follows. Petitioner was incorporated in Delaware on October 1, 1968, as "Rio Grande Industries, Inc." In May 1969, petitioner was assigned taxpayer identification number (TIN) 84-0590331. Under the name Rio Grande Industries, Inc. and Subsidiaries, TIN 84-0590331, petitioner filed Forms 1120 (U.S. Corporation Income Tax Return) for the periods ending December 31, 1980, December 31, 1983, and October 31, 1984. On August 9, 1988, petitioner's articles were amended to change its name to Rio Grande Holding, Inc. On or about this same date, petitioner became a wholly owned subsidiary of Rio Grande Industries, Inc., TIN 84-1092482. [1] Rio Grande Industries, *236 Inc., is now known as Southern Pacific Rail Corp. [2] On October 19, 1992, respondent issued a notice of deficiency to petitioner addressing petitioner as "Rio Grande Industries, Inc. and Subsidiaries", TIN 84-0590331, and mailed duplicate copies of the notice of deficiency to the address provided on petitioner's corporate tax returns for the periods ended December 31, 1980, December 31, 1983, and October 31, 1984, and to petitioner's changed address as provided on Form 8822, dated September 25, 1992. While respondent used the correct TIN, the name on the notice of deficiency was not petitioner's correct legal name on the date the notice of deficiency was mailed. At the time of mailing the notice of deficiency, respondent was aware of the change in petitioner's corporate name. *237 On January 19, 1993, petitioner filed a petition in this case, attaching a copy of the notice of deficiency. Also, on January 19, 1993, petitioner's common parent, Southern Pacific Rail Corp., filed a petition at docket No. 1118-93, attaching a copy of the same notice of deficiency. [3] On February 28, 1994, petitioner filed a motion to dismiss for lack of jurisdiction. On March 9, 1994, this Court ordered respondent to file a response to petitioner's motion on or before April 11, 1994. On April 11, 1994, respondent filed a "Notice of Objection to Petitioner's Motion to Dismiss for Lack of Jurisdiction". *238 Discussion
The jurisdiction of this Court is generally invoked by the timely filing of a petition by a taxpayer to whom a notice of deficiency has been issued. Secs. 6212(a), [4] 6213(a); Rule 13. Respondent does not dispute that petitioner filed the petition in a timely manner. The jurisdiction of this Court normally can be invoked only by a taxpayer to whom a notice of deficiency is addressed. There are at least three prerequisites to this Court's exercise of jurisdiction: (1) A notice; (2) the determination of a deficiency in the notice; and (3) the transmittal of the notice to the taxpayer. Union Oil Co. of Cal. v. Commissioner, 101 T.C. 130, 134 (1993). Petitioner argues that the notice of deficiency addressed to "Rio Grande Industries, Inc. and Subsidiaries" did not satisfy the *239 third requirement. The essence of petitioner's contention is that since the notice of deficiency does not contain petitioner's correct legal name, the notice is not sufficient to confer jurisdiction on this Court. Respondent contends that the error in the notice of deficiency is too insignificant to preclude actual and constructive notice to petitioner of the determination of a deficiency against it. We agree with respondent. Section 6212(a) provides: "If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A * * * he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail." It is well established that no particular form is required for a notice of deficiency. Commissioner v. Forest Glen Creamery Co., 98 F.2d 968, 971 (7th Cir. 1938), revg. 33 B.T.A. 564 (1935); Campbell v. Commissioner, 90 T.C. 110, 115 (1988); Foster v. Commissioner, 80 T.C. 34, 229-230 (1983), affd. in part and vacated in part 756 F.2d 1430 (9th Cir. 1985); Jarvis v. Commissioner, 78 T.C. 646, 655-656 (1982). *240 In Mall v. Commissioner, T.C. Memo. 1981-253, we stated: Although a deficiency notice generally contains the name of the taxpayer, the taxable years involved, the amount of the deficiency, a statement showing the respondent's computations, a brief explanation of the reason for the deficiency, and a summary of the options available to the taxpayer, the absence of one or more of these elements does not necessarily invalidate a notice. [Citations omitted.]
It has been held that an error in the taxpayer's name does not necessarily invalidate a notice of deficiency. In Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937), the notice of deficiency was addressed to "Mr. N. S. Olsen", when the taxpayer was actually Robert M. Olsen, administrator of Neal S. Olsen. The notice was also mailed to the wrong address. In addressing the taxpayer's contention that the notice of deficiency was invalid, the Court of Appeals for the Second Circuit stated: In fact the notice reached Robert M. Olsen without delay and answered every purpose of a notice properly addressed to him; he knew that the Commissioner meant to assess *241 him as administrator; he understood the reason for the assessment and that it was his duty to respond. * * * This being true, we are unwilling to construe even a tax statute in the archaic spirit necessary to defeat this levy; the notice is only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough. While no decision is quite on all fours, there are several which hold that mistakes in the notice which do not frustrate its purpose, are negligible. * * * [Olsen v. Helvering, supra at 651.]
In McCarthy Co. v. Commissioner, 80 F.2d 618, 622 (9th Cir. 1935), the notice of deficiency was addressed to "McCarthy & Co." instead of "McCarthy Company", the taxpayer's correct name. The notice was sent to the correct address, was delivered to the taxpayer, and was accepted by the taxpayer. In McCarthy v. Commissioner, supra at 622, the Court of Appeals for the Ninth Circuit stated: The Board * * * found that it was "quite evident that the taxpayer was in no way misled by the notice and clearly *242 understood it to be one in respect to its tax liability for the years in question." The first sentence of the petition filed before the Board prays for a redetermination of the deficiency set forth in the very notice that the petitioner claims was misdirected. In view of such record, and of such uncontradicted findings by the Board, we regard the petitioner's criticism of the address as too microscopic to merit extended discussion. Relying upon a number of recent decisions by Circuit Courts of Appeals, in the case of Haag v. Commissioner, (C.C.A.7) 59 F.(2d) 516, 618, the court said: "These cases hold that although the notice was not directed to the proper party, nevertheless if it appeared that the proper party had received the notice or that the party who succeeded to the title of the party filing the return had received the notice, it was sufficient."
See also Bunyan v. Commissioner, T.C. Memo. 1991-371. In Rauh v. Commissioner, 22 B.T.A. 662, 663 (1931), the notice was addressed to the taxpayer as transferee of the assets of "The American Sanitary Lock Corporation" instead *243 of the correct name of "The American Sanitary Lock Company". The Board of Tax Appeals stated "that a merely formal defect of this nature, in a case of this sort, where the intendment has been made clear and unmistakable, can not in and of itself defeat the liability of the [taxpayer]". Id. at 666. Consequently, the standard applicable in this case is whether petitioner knew, or reasonably should have known, that the disputed notice of deficiency was directed to it. See Erickson v. Commissioner, T.C. Memo. 1991-97. "Obviously this objective standard focuses on whether petitioner was justifiably misled or deceived by the mistakes in the notice." Id.
We find that petitioner was not misled or deceived by respondent's use of the name "Rio Grande Industries, Inc. and Subsidiaries" in the notice of deficiency. Even though Rio Grande Industries, Inc. was not petitioner's correct legal name at the time the notice of deficiency was issued, it was petitioner's correct legal name during the periods for which deficiencies were determined, and the notice of deficiency contains petitioner's correct TIN 84-0590331. See Bunyan v. Commissioner, supra. *244 In addition to containing petitioner's correct TIN, the information included with the notice of deficiency refers only to petitioner. See Id. In Erickson v. Commissioner, supra, we stated: when as here, a taxpayer receives as a single document a covering letter plus attached explanatory statements, the entire document constitutes the notice of deficiency for purposes of determining whether the taxpayer was reasonably misled as to the taxable period involved. * * *
In the case before us, the language of the notice of deficiency and the "Explanation of Adjustments", contains facts and events that relate to petitioner. The circumstances surrounding the issuance of the notice of deficiency also indicate that petitioner was not deceived or misled by respondent's use of petitioner's former name. Petitioner was aware that respondent intended to propose adjustments and determine a deficiency against it as early as May 1991. Petitioner protested respondent's proposed deficiencies and additions to tax in a 36-page "protest" letter dated July 12, 1991. Between November 25, 1991, and the date of the notice of deficiency (October 19, 1992), petitioner and respondent's *245 representatives on numerous occasions discussed these matters in meetings, by phone, and through written correspondence. Respondent advised petitioner in writing on at least three occasions that a notice of deficiency would be issued to petitioner. At the time the notice of deficiency was issued, the employees responsible for the tax affairs of Southern Pacific Transportation Co. were also responsible for the tax affairs of petitioner. Also, all the directors, and 9 of the 11 officers of petitioner were also directors and officers of Southern Pacific Transportation Co. Certainly, the employees, officers, and directors responsible for the business and tax affairs of petitioner and Southern Pacific Transportation Co. recognized that the notice of deficiency did not relate to Southern Pacific Transportation Co. See Brannon's No. 7, Inc. v. United States, 45 AFTR 2d 80-1359, 80-1 USTC par. 9361 (W.D. Okla. 1980). Petitioner's actions after the notice of deficiency was issued on October 19, 1992, also show that petitioner knew the notice of deficiency was directed to it. For example, on October 22, 1992, 3 days after the issuance of *246 the notice of deficiency, petitioner transmitted to respondent Form 872-T (Notice of Termination of Special Consent to Extend the Time to Assess Tax) for the taxable periods ended December 31, 1983 and October 31, 1984. This act reflects petitioner's understanding that the notice of deficiency was directed to it. Lastly, petitioner's filing of a timely petition to this Court shows that petitioner was not deceived by the error in the notice. Based on the foregoing, we hold that notice is sufficient to confer jurisdiction on this Court. An appropriate order will be issued. Footnotes
1. On June 23, 1988, Western Rail Transportation Co. (WRTC), was incorporated. WRTC was assigned TIN 84-1092482. On or about Aug. 8, 1988, WRTC changed its name to Rio Grande Industries, Inc., and petitioner became its wholly owned subsidiary.↩
2. On May 4, 1993, Rio Grande Industries, Inc. changed its name to Southern Pacific Rail Corp.↩
3. In docket No. 1118-93, the petition was initially captioned "Rio Grande Industries, Inc. and subsidiaries". On July 22, 1993, this Court granted petitioner's "Motion to Amend Caption" and changed the caption to read "Southern Pacific Rail Corporation and Subsidiaries". If we deny petitioner's motion to dismiss for lack of jurisdiction in the instant case, respondent has agreed to a closing of docket No. 1118-93 on the grounds of duplication.↩
4. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩