LEE D. AND MARJORIE L. HUSTEAD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hustead v. Commissioner
Docket No. 20439-92
United States Tax Court
T.C. Memo 1994-374; 1994 Tax Ct. Memo LEXIS 382; 68 T.C.M. (CCH) 342; August 8, 1994, Filed *382 Decision will be entered under Rule 155. Lee D. Hustead, pro se. For respondent: Andrea Stewart Lawrence. ARMEN
ARMEN
MEMORANDUM FINDINGS OF FACT AND OPINION ARMEN, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined deficiencies in petitioners' Federal income taxes for the taxable years 1989 and 1990 in the respective amounts of $ 7,356 and $ 6,163. The issues for decision are: (1) Whether the notice of deficiency is invalid because respondent failed to make a determination therein; and (2) whether certain expenditures made by petitioners to enhance the value of their land by challenging the constitutionality of a local zoning ordinance may be currently deducted, as petitioners contend, or must *383 be capitalized, as respondent has determined. Some of the facts have been stipulated, and they are so found. Petitioners resided in Norristown, Pennsylvania, at the time their petition was filed with the Court. FINDINGS OF FACT During 1989 and 1990 petitioner Lee Hustead (petitioner) was employed as an engineer by the General Electric Co. at its plant located in King of Prussia, Pennsylvania, and petitioner Marjorie Hustead was employed as a registered nurse. Additionally, during the taxable years in issue, petitioners operated an unincorporated business known as LM Development. It is petitioners' activities with respect to this business which provide the context for the issues in dispute. Petitioners purchased two lots of undeveloped land in Skippack Township, Pennsylvania, during 1977, and a third such parcel during 1987. [2] The three lots are adjacent to each other and total 39.6 acres. At the time of purchase, each lot was zoned "R1". This designation allowed only one residential dwelling per acre. Petitioners purchased the land with the intention of challenging the constitutionality of Skippack Township's original zoning ordinance and thereby increasing the value of *384 the land. [3] Although petitioners bought the land with the intention of reselling it, they have never sold, nor have they ever made any effort to sell, any portion of the land. LM Development, begun by petitioners in 1987, was the vehicle for petitioners' activities relating to the land. Petitioners capitalized the startup costs for LM Development. [4] On Schedule C of their 1989 and 1990 income tax returns, however, petitioners claimed as currently deductible those expenditures incurred by them to enhance the value of their land by challenging the constitutionality of the Skippack Township zoning ordinance (original zoning ordinance). *385 On September 28, 1987, petitioners filed an application (the application) for a change of zoning with Skippack Township. After a public hearing on January 27, 1988, regarding the application, the application was denied by the Skippack Board of Supervisors. On May 17, 1989, petitioners submitted a constitutional challenge of the original zoning ordinance to Skippack Township. Petitioners' constitutional challenge applied to all of the land in Skippack Township. Between July 12, 1989 and February 11, 1991, Skippack Township held 19 public hearings regarding petitioners' constitutional challenge. On May 8, 1991, nearly 4 years after petitioners initially applied for a change of zoning, the Skippack Board of Supervisors voted to deny petitioners' constitutional challenge (the denial). Petitioners filed an appeal from the denial (the appeal) in the Court of Common Pleas of Montgomery County, Pennsylvania, on June 5, 1991. A verbal settlement offer (the settlement offer) was made by Skippack Township to petitioners on June 21, 1991. Thereafter, on August 24, 1991, petitioners and the Board of Supervisors entered into a stipulation that held the appeal in abeyance pending consideration *386 and adoption by the Board of Supervisors of a new land use plan and a new zoning ordinance. On October 23, 1991, Skippack Township adopted a new comprehensive land use plan (the new land use plan). The new land use plan increased, from 80 acres to 337 acres, the number of acres of land in Skippack Township designated for housing at 4 dwellings per acre. On May 23, 1993, the Board of Supervisors voted to change Skippack Township's zoning ordinance (the new zoning ordinance). The new zoning ordinance rezoned certain land, including the three undeveloped lots owned by petitioners, as "R3" or Village Residential. This designation permits four residential dwellings to be built per acre. The fair market value of the three undeveloped lots owned by petitioners increased by approximately 85 percent following adoption of the new zoning ordinance. The vast majority of this increase in value is attributable to the new zoning ordinance. Petitioners expended approximately $ 26,000 in 1989 and approximately $ 22,000 in 1990 in order to enhance the value of their land through a challenge to the constitutionality of the original zoning ordinance. They deducted these expenditures as current *387 expenses on their Schedules C for 1989 and 1990. Respondent determined that these expenditures are not currently deductible but must instead be capitalized. [5]
OPINION The notice of deficiency issued by respondent states as the reason for disallowing the claimed deductions that -- The expenses incurred in connection with your land development enterprise (with the exception of interest expense) are not currently deductible but must be capitalized in accordance with Internal Revenue Code Section 263A.
Respondent did specify in her trial memorandum, filed on the day of trial, that regardless of the applicability of section 263A, expenditures such as those claimed by petitioners are capital in nature. Nonetheless, respondent has continued to look to section 263A to support the proposition that the expenditures in issue must be capitalized. As discussed below, we sustain respondent's determination on the basis *388 of section 263, rather than on the basis of section 263A, because we question whether section 263A applies under the circumstances presented here and because we think that section 263 requires capitalization. [6]
Validity of the Notice of Deficiency
Before we address the substantive issue, we must resolve a jurisdictional issue raised by petitioners. Petitioners challenge the validity of the notice of deficiency on the ground that no valid determination was made therein by respondent under section 6212(a). Scar v. Commissioner, 814 F.2d 1363 (9th Cir 1987), revg. 81 T.C. 855 (1983). Indeed, if a valid notice of deficiency has not been issued, the Court lacks jurisdiction to decide the merits of the case *389 and dismissal is required. Scar v. Commissioner, supra; Monge v. Commissioner, 93 T.C. 22, 27 (1989); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). Petitioners contend that no valid determination was made in the notice of deficiency because respondent relied upon section 263A and, in petitioners' view, section 263A does not apply to the expenditures in issue. Petitioners' contention must fail, however, because petitioners confuse a "valid determination" which is a jurisdictional concept, with the substantive merits of respondent's determination, which have nothing to do with jurisdiction. No specific form is required for a valid notice of deficiency. See, e.g., Foster v. Commissioner, 80 T.C. 34, 229-230 (1983), affd. in relevant part and vacated in part 756 F.2d 1430 (9th Cir. 1985). Cf. sec. 7522. The notice of deficiency issued to petitioners clearly served to advise them which of their claimed deductions respondent had disallowed. See, e.g., Rio Grande Holding, Inc. v. Commissioner, T.C. Memo. 1994-240; *390 Anderten v. Commissioner, T.C. Memo. 1993-2. Accordingly, we conclude: While this error may have caused confusion and certainly reflects a certain lack of discipline in the process that respondent used in preparing the statutory notice in this case, we do not view this as a sufficient reason for concluding that respondent failed to make the 'determination' contemplated under section 6212(a). The most compelling factor is that respondent undoubtedly examined petitioners' return prior to issuing the notice. * * * [Stinnett v. Commissioner, T.C. Memo. 1993-429.]
Capitalization of the Expenditures in Issue
We turn now to the substantive issue presented by this case. Because respondent has invoked section 263A in support of her position, and because petitioners also addressed that section in some depth (although they contend that it does not apply), we will consider it. See McCallister v. Commissioner, 70 T.C. 505, 508 (1978); Norwood v. Commissioner, 66 T.C. 467, 469 (1976). Section 263A(b) provides, in relevant part, that section 263A applies *391 to -- (1) PROPERTY PRODUCED BY TAXPAYER. -- Real or tangible personal property produced by the taxpayer. (2) PROPERTY ACQUIRED FOR RESALE. -- (A) IN GENERAL. -- Real or personal property described in section 1221(1) which is acquired by the taxpayer for resale.
The term "produce" is defined in section 263A(g)(1) to include "construct, build, install, manufacture, develop, or improve." Respondent contends that because the fair market value of the land was "improved" through petitioners' legal efforts, the land was "produced" by petitioners within the meaning of that term as defined by section 263(A)(g)(1). However, we are not convinced that the statute should be read so broadly, and we are unwilling to hold that petitioners have "produced" the undeveloped land by increasing its value through a challenge to the constitutionality of the original zoning ordinance. Hence, we do not think that section 263A applies on the basis of section 263A(b)(1). In order to decide whether section 263A applies on the basis of section 263A(b)(2), we must examine section 1221(1). Respondent contends that petitioners' land should be considered "property held by the taxpayer primarily for *392 sale to customers in the ordinary course of his trade or business" under section 1221(1). The parties have stipulated that the land was purchased by petitioners for resale to a builder. Much litigation has surrounded the issue of whether property is held by a taxpayer "in the ordinary course" of a trade or business. The question is purely factual. Maddux Constr. Co. v. Commissioner, 54 T.C. 1278, 1284 (1970). The courts have enumerated a number of factors to be applied in determining whether property is held in the ordinary course of a trade or business. Maddux Constr. Co. v. Commissioner, supra.Among the factors to be considered are: The purpose for which the property was acquired; the frequency, number, and continuity of sales; the extent and nature of the transactions involved; and the extent of advertising or other active efforts used in soliciting buyers for the property. Id.
Petitioners purchased the land for resale and established LM Development (which the parties stipulated to be a business) as the vehicle for their activities relating to the land. However, "though the property may have been acquired *393 with the ultimate intention of reselling, this does not result in a determination that the property was held primarily for sale in the ordinary course of business." Howell v. Commissioner, 57 T.C. 546, 555 (1972). The focus of petitioners' efforts relating to the land during the years in issue was to challenge the constitutionality of Skippack Township's original zoning ordinance and thereby to increase the value of the land. None of petitioners' efforts during the years in issue related to selling land, except in the indirect sense of increasing its value. Moreover, at no time have petitioners sold any part of the land. We are therefore unable to conclude that the land constitutes land held for resale "in the ordinary course of business" as required by sections 1221(1) and 263A(b)(2). However, if we were to conclude to the contrary and apply section 263A to the expenditures in issue, we think that those expenditures would represent indirect costs that would be subject to allocation under section 263A(a)(2). In this regard section 263A(a) provides, in relevant part: (a) NONDEDUCTIBILITY OF CERTAIN DIRECT AND INDIRECT COSTS. -- (1) IN GENERAL. *394 -- In the case of any property to which this section applies, any costs described in paragraph (2) -- (A) in the case of property which is inventory in the hands of the taxpayer, shall be included in inventory costs, and (B) in the case of any other property, shall be capitalized. (2) ALLOCABLE COSTS. -- The costs described in this paragraph with respect to any property are -- * * * * (B) such property's proper share of those indirect costs (including taxes) part or all of which are allocable to such property.
Moreover, section 1.263A-1(e)(3)(i), Income Tax Regs., provides that "Indirect costs are properly allocable to * * * property acquired for resale when the costs directly benefit or are incurred by reason of * * * resale activities." [7]
*395 Although we believe that respondent's notice of deficiency, trial memorandum, and brief could have more clearly detailed respondent's position, we understand respondent's position to be that the expenditures in issue should have been capitalized rather than deducted currently. Accordingly, because we decline to apply section 263A, we turn instead to section 263. [8]
*396 Section 263, which relates to capital expenditures, provides in relevant part as follows: SEC. 263. CAPITAL EXPENDITURES (a) GENERAL RULE. -- No deduction shall be allowed for- (1) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate. * * *
The focus of petitioners' efforts relating to the land during the years in issue was to challenge the constitutionality of Skippack Township's original zoning ordinance and thereby to increase the value of the land. "It is of course well established that rezoning expenses are not deductible when made, since they represent a capital outlay". Chevy Chase Land Co. v. Commissioner, 72 T.C. 481, 487 (1979); see also Galt v. Commissioner, 19 T.C. 892, 910 (1953), revd. in part and affd. in part on other issues 216 F.2d 41 (7th Cir. 1954). Petitioners vigorously contend that the expenditures in issue related to a constitutional challenge rather than to rezoning efforts. [9] In particular, they assert that because the expenditures were incurred after their application for *397 a change of zoning had been denied, the expenditures cannot be considered "rezoning expenses" which, as noted above, are considered capital in nature. On this basis, they contend that the expenditures are properly deductible. *398 We view as dubious the distinction which petitioners seek to draw between rezoning expenditures and expenditures incurred to challenge the constitutionality of the original zoning ordinance. Assuming, arguendo, that these two types of expenditures are indeed distinguishable, the analysis appropriate to determine whether either is subject to capitalization is nonetheless the same. The increased fair market value which petitioners readily acknowledge is largely attributable to the new zoning ordinance, which in turn is attributable to the constitutional challenge, is a significant benefit which will extend well beyond the taxable years in issue. Black Hills Corp. v. Commissioner, 102 T.C. 505, 514 (1994). Therefore, on the basis of the facts presented to the Court, we are compelled to sustain respondent's determination that the expenditures in issue must be capitalized. Id.; see also INDOPCO, Inc. v. Commissioner, 503 U.S. at    , 112 S. Ct. 1039, 1045 (1992); Galt v. Commissioner, supra (rezoning expenditures must be capitalized because "indefinite and undeterminable in the *399 duration of their consequence"). To reflect the foregoing, as well as a concession made by respondent at trial, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Hereinafter, unless otherwise indicated, all references to land, parcels, or lots refer to this land.↩
3. The third lot was purchased after petitioners discovered that they would need to own more land in order to justify the cost of a constitutional challenge.↩
4. Although petitioners' land activities were conducted through LM Development, we refer to petitioners rather than to LM Development for purposes of clarity.↩
5. Respondent implicitly concedes that petitioners have substantiated the expenditures in question.↩
6. In view of the uncertainty regarding the applicability of section 263A and in view of the fact that capitalization is clearly the underlying issue in this case, we are puzzled why respondent has emphasized section 263A↩ throughout the proceedings.
7. It should be apparent that if we were to apply section 263A on the basis of section 263A(b)(2), we would be obliged to conclude that the land was "held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business" under section 1221(1). To so conclude we would, in turn, be obliged to conclude that petitioners' efforts to increase the value of their land during the years in issue were resale activities. Accordingly, if section 263A were applicable, the expenditures in issue would necessarily have been "incurred by reason of * * * resale activities." Section 1.263A-1(e)(3)(i), Income Tax Regs.↩
8. We note that if we had concluded that respondent had relied on other grounds to support her determination, we could nonetheless have examined other sections of the Internal Revenue Code in order to decide this case because "the rule is well established that a deficiency may be approved on the basis of reasons other than those relied upon by the Commissioner or even where his reasons may be incorrect." Wilkes-Barre Carriage Co. v. Commissioner, 39 T.C. 839, 845 (1963), affd. per curiam 332 F.2d 421 (2d Cir. 1964); see Martin v. Commissioner, 73 T.C. 255, 265 (1979) ("the Commissioner's deficiency determination may be approved on grounds other than those stated by the Commissioner in the notice of deficiency"); Peoples Translation Serv. v. Commissioner, 72 T.C. 42, 51 n.5 (1979) ("the Commissioner's position may be sustained on grounds other than the reasons argued by the parties"); see also Helvering v. Gowran, 302 U.S. 238, 246↩ (1938).
9. We render our decision based on the same facts as those upon which a decision under section 263A would depend. Accordingly, we need not address the issue, raised by petitioners, of which party bears the burden of proof because our decision rests on the merits of the case rather than on the burden of proof. Smith v. Commissioner, T.C. Memo. 1981-149; cf. National Home Products, Inc. v. Commissioner, 71 T.C. 501, 522 (1979) ("where a petitioner has not been surprised or prejudiced in an evidentiary sense by the introduction of a new ground of controversy, the usual rule that the burden of proof is upon petitioner remains in force."), (citing J.T. Slocomb Co. v. Commissioner, 334 F.2d 269 (2d Cir. 1964), affg. 38 T.C. 752↩ (1962)).