T.C. Memo. 2012-210

UNITED STATES TAX COURT

PHILIP C. LEIBOLD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6229-10L.                    Filed July 24, 2012.

P filed a petition for review of a lien filing pursuant to I.R.C. sec. 6320 in response to R's determination that the collection action was appropriate.

Held: R's determination is sustained.

Philip C. Leibold, pro se.

<u>Jessica R. Browde</u> and <u>Zachary A. Sharpe</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court because of a petition filed on March 12, 2010, for review of a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination), dated February 11, 2010.[1]  Petitioner seeks review of respondent's determination to proceed with his filed tax lien with respect to the taxable years 1996, 1997, and 1998.  This Court has previously granted respondent's motion for summary judgment with respect to the taxable years 1996 and 1997 leaving only the 1998 tax year in dispute.

The collection action for 1998 initially stems from a substitute for return, prepared by respondent pursuant to section 6020(b) for petitioner's 1998 tax year. The issue for decision is whether respondent's settlement officer abused his discretion in determining the proposed collection action was appropriate.

FINDINGS OF FACT

Some of the facts have been stipulated.  The stipulations, with accompanying exhibits, are incorporated herein by this reference.  Petitioner and

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended.

petitioner's wife (Mrs. Leibold) resided in Vermont at the time the petition was filed.

Mrs. Leibold submitted a married filing separately Federal income tax return for the 1998 tax year on April 6, 2000, showing tax due of $6,032 and $2,283.52 of withholding reported on Form W-2, Wage and Tax Statement, or Form 1099-MISC, Miscellaneous Income. Respondent assessed $6,032 against Mrs. Leibold for the 1998 tax year on May 15, 2000. On March 8, 2004, respondent abated that assessment.

Respondent's account transcripts indicate respondent prepared a substitute for return for petitioner's 1998 tax year on February 28, 2003, which was processed on April 14, 2003. That return showed tax due of $4,976 and $2,656 of Form W-2 or Form 1099-MISC, withholding. On October 8, 2003, petitioner submitted a married filing jointly Federal income tax return for the 1998 tax year which respondent accepted but treated as a married filing separately amended return.[2]

---

[2] Respondent treated this submission as an amended return because the substitute for return had been treated as a separate return and was considered the original return. Respondent disallowed the claimed married filing jointly status because Mrs. Leibold had previously filed a separate return and petitioner's submission of his 1998 joint return was beyond the three-year period allowed under sec. 6013(b)(2)(A).

On February 9, 2004, respondent issued a statutory notice of deficiency to petitioner and Mrs. Leibold for the 1998, 1999, and 2000 tax years. Neither petitioner nor Mrs. Leibold filed a petition with this Court in response. On July 5, 2004, respondent assessed the deficiencies against petitioner alone.

Respondent filed Federal tax liens for the tax years 1996, 1997, and 1998 against petitioner on June 10, 2009.[3] On June 11, 2009, respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under Section 6320, advising petitioner that respondent had filed liens to collect unpaid income tax liabilities for the 1996, 1997, and 1998 tax years and that petitioner was entitled to a hearing with respondent's Office of Appeals. Petitioner timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing, on or about July 13, 2009.

On July 30, 2009, respondent sent petitioner a letter explaining how collection due process hearings (CDP hearings) work and listing Settlement Officer Michael J. Matuszczak as the contact person. On October 1, 2009, Mr. Matuszczak sent petitioner a letter acknowledging receipt of the Form 12153 and scheduling a

---

[3] The notice of Federal tax lien filing issued to petitioner on June 11, 2009, states that the notice of Federal tax lien was filed on June 11, 2009. However, the Internal Revenue Service Facsimile Federal Tax Lien Document states that the notice of Federal tax lien was filed on June 10, 2009.

telephone conference for October 28, 2009. Mr. Matuszczak requested that petitioner file all required Federal tax returns and submit Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. Mr. Matuszczak explained that without this, he could not consider alternative collection methods such as an installment agreement or offer-in-compromise.

On October 13, 2009, petitioner and Mrs. Leibold sent Mr. Matuszczak a facsimile (fax) requesting that a face-to-face hearing be held in lieu of the scheduled October 28, 2009, telephone conference. On October 30, 2009, Mr. Matuszczak sent petitioner a letter confirming a face-to-face hearing for November 19, 2009.

On November 18, 2009, petitioner called Mr. Matuszczak and requested that the November 19, 2009, hearing be rescheduled because he and Mrs. Leibold were sick. Mr. Matuszczak agreed to reschedule for December 15, 2009. On November 19, 2009, petitioner and Mrs. Leibold sent Mr. Matuszczak a fax thanking him for rescheduling the hearing and attached a detailed explanation of their disputes. In the attachment, petitioner disputed the underlying tax liabilities for several years, including 1998. Petitioner also acknowledged in the attachment that he and Mrs.

Leibold had received a notice of deficiency, dated February 9, 2004, for the tax year 1998.

On November 23, 2009, Mr. Matuszczak sent petitioner a letter discussing the CDP hearing. Among other things, he explained why petitioner and Mrs. Leibold's joint returns for the 1997, 1998, and 1999 tax years were disallowed and again requested that petitioner submit a Form 433-A.

On November 24, 2009, petitioner and Mrs. Leibold sent Mr. Matuszczak a fax asking whether he had reviewed the information submitted on November 19, 2009. On December 10, 2009, petitioner and Mrs. Leibold sent Mr. Matuszczak another fax, bearing a date of December 9, 2009, indicating, inter alia, that "there is no reason to complete the 433A at this time".

On December 11, 2009, Mr. Matuszczak sent petitioner a letter canceling the December 15, 2009, face-to-face hearing. Mr. Matuszczak explained that the reason he was canceling was that petitioner could not "dispute these [tax] liabilities (IRC § 6330(c)(2)(B))" and had not provided the requested information necessary to consider collection alternatives. Therefore, a face-to-face conference was not appropriate at that time. He cited sections 301.6320-1(d)(2), Q&A-D8, and 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs., and Internal Revenue Manual sec. 8.22.2.2.6.4(4) as his authority. Mr. Matuszczak gave petitioner the

option of scheduling a telephone conference or continuing to conduct the hearing via correspondence.

On December 14, 2009, petitioner and Mrs. Leibold sent Mr. Matuszczak a fax discussing issues related to the CDP hearing. In this fax, petitioner and Mrs. Leibold again attempted to dispute the underlying liabilities for the 1996, 1997, and 1998 years. Petitioner and Mrs. Leibold concluded in the fax that "We understand that if we choose to do this via a phone conference, we cannot record the meeting. This appears to leave us with written communication as the method of resolution".

On February 11, 2010, Mr. Matuszczak sent petitioner a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 pertaining to petitioner's 1996, 1997, and 1998 tax years. In the section entitled "Relevant Issues Raised by the Taxpayer", Mr. Matuszczak stated that petitioner claimed he filed joint returns after assessment was made against him personally and therefore, per petitioner, "the liability should reflect the joint tax liability rather than the liability assessed against" him individually. Mr. Matuszczak noted that petitioner was incorrect and then listed the deadlines for filing joint returns for the 1996, 1997, and 1999 tax years after one or both spouses elected married, filing separately status and explained that petitioner had missed each deadline.

Mr. Matuszczak made several errors in this section of the notice of determination. First, the 1999 tax year is not at issue in this case. Second, the 1998 tax year, which is at issue, was not mentioned. Third, Mr. Matuszczak miscalculated the deadline for filing the joint tax return for the 1999 tax year, stating that it was April 15, 2001, when in fact it was April 15, 2003.

In the notice of determination, Mr. Matuszczak verified that all applicable statutory and administrative requirements were met. He also determined that petitioner was not entitled to any collection alternatives because petitioner had not suggested any alternatives and because petitioner refused to submit required financial information. Additionally, Mr. Matuszczak indicated that because petitioner was not eligible for a face-to-face conference and declined a telephone conference, the determination was based on correspondence.

OPINION

I.      General Rules and Standard of Review

Section 6320(a) and (b) provides that a taxpayer shall be notified in writing by the Commissioner of the filing of a notice of Federal tax lien and provided with an opportunity for an administrative hearing. An administrative hearing under section 6320 is conducted in accordance with the procedural requirements of section 6330. Sec. 6320(c).

If an administrative hearing is requested, the hearing is to be conducted by the Appeals Office. Secs. 6320(b)(1), 6330(b)(1). At the hearing, the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met. Secs. 6320(c), 6330(c)(1). The taxpayer may raise any relevant issues with regard to the Commissioner's intended collection activities, including spousal defenses, challenges to the appropriateness of the proposed collection actions, and alternative means of collection. Sec. 6330(c)(2)(A); Goza v. Commissioner, 114 T.C. 176, 180 (2000).

Taxpayers are expected to provide all relevant information requested by Appeals, including financial statements, for its consideration of the facts and issues involved in the hearing. Secs. 301.6320-1(e)(1), 301.6330-1(e)(1), Proced. & Admin. Regs. A taxpayer is generally not eligible for a face-to-face conference concerning a collection alternative if the taxpayer has failed to provide all relevant financial information necessary to be considered for a collection alternative. See sec. 301.6320-1(d)(2), Q&A-D8, Proced. & Admin. Regs.

Following the hearing, the Appeals officer must determine whether the proposed collection action should proceed. In making the determination, the Appeals officer shall take into consideration: (1) whether the requirements of any applicable law or administrative procedure have been satisfied; (2) any relevant

issues raised by the taxpayer during the section 6330 hearing; (3) whether the proposed collection action balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary; and, in certain factual circumstances, the underlying deficiencies. Sec. 6330(c)(3).

Section 6330(c)(2)(B) permits challenges to the existence or amount of the underlying liability in collection proceedings only where the taxpayer did not receive a notice of deficiency or otherwise have an opportunity to challenge the liability. If the validity of the underlying tax is not properly at issue, we will review the Commissioner's administrative determination for abuse of discretion. Goza v. Commissioner, 114 T.C. at 181-182. A determination by the Commissioner is an abuse of discretion only where it is arbitrary, capricious, or without sound basis in fact or law. Giamelli v. Commissioner, 129 T.C. 107, 111 (2007).

Petitioner attempted to dispute the underlying liabilities throughout the collection proceedings. However, petitioner acknowledges that he received a statutory notice of deficiency for the tax year 1998. Petitioner failed to timely petition this Court following receipt of that notice of deficiency. Therefore, the validity of the underlying tax is not at issue, and we will review respondent's

administrative determination for an abuse of discretion.  See Goza v. Commissioner, 114 T.C. at 181.

This outcome is unchanged by the fact that the notice of deficiency, which was based on the purported joint return treated as petitioner's 1998 married filing separately amended return, was issued to both petitioner and Mrs. Leibold.  A notice of deficiency is valid if it notifies the taxpayer that a deficiency has been determined against him and gives the taxpayer the opportunity to petition this Court for redetermination of the deficiency.  See Frieling v. Commissioner, 81 T.C. 42, 53 (1983).

Errors in the notice of deficiency, including errors in the name of the taxpayer the notice is issued to, do not make the notice invalid if the taxpayer is put on notice of the deficiency despite the errors.  Rio Grande Holdings, Inc. v. Commissioner, T.C. Memo. 1994-240.  In communications with respondent, petitioner described, in some detail, the notice of deficiency he received from respondent.  His description included referring to it as a "notice of deficiency" and included the date of the notice and the tax years it covered.  We are convinced that petitioner was put on notice that a deficiency had been determined against him and was not prejudiced or misled by the erroneous inclusion of Mrs. Leibold on the notice.

II.    Review of Notice of Determination for Abuse of Discretion

Mr. Matuszczak committed several errors in the content of the notice of determination. Although the 1999 tax year was not at issue in the collection proceedings, it was erroneously included and an incorrect married filing jointly deadline for that year was stated. Additionally, the 1998 tax year, which was at issue, was not properly mentioned.

This Court has held that the Commissioner's determination was an abuse of discretion where it was "so permeated with errors and inconsistencies as to lack a sound basis in fact or law." Meeh v. Commissioner, T.C. Memo. 2009-180. However, the facts in Meeh are distinguishable from those of this case. In Meeh, the errors related to the taxpayer's CDP hearing. Specifically, the determination stated that no financial information was sent, when in fact it had been, and that no collection alternatives were offered, when in fact an installment agreement was proposed by the taxpayer.

In contrast, Mr. Matuszczak's errors relate solely to petitioner's attempts to dispute the underlying liabilities. In the notice of determination, Mr. Matuszczak was, albeit unnecessarily, attempting to explain why the married filing jointly status was unavailable to petitioner for the years at issue. However, Mr. Matuszczak did not make any errors in the notice of determination that relate to the CDP hearing

petitioner was entitled to. Importantly, he made no errors relating to relevant issues petitioner raised, partly because petitioner raised no nonliability issues. Nor did Mr. Matuszczak make any errors in his determination that all applicable law and administrative procedures were satisfied. Because the errors do not undermine or conflict with the administrative record regarding the CDP hearing petitioner was entitled to, the errors in the notice of determination, while sloppy and troubling, do not amount to an abuse of discretion.

III.    Review of Hearing for Abuse of Discretion

Respondent did not abuse his discretion. All applicable law and administrative procedures were followed. Petitioner never offered any collection alternatives or raised any other permitted nonliability issues. Nor did petitioner provide the requested Form 433-A or any other financial information, despite repeated requests from Mr. Matuszczak.[4] See Roman v. Commissioner, T.C. Memo. 2004-20. Instead, petitioner focused exclusively on attempting to dispute the underlying liability throughout the CDP hearing.

_____

[4] Mr. Matuszczak first requested additional financial information in his letter dated October 1, 2009. Subsequent requests were made in the letters dated October 30 and November 23, 2009. In total, petitioner was given over four months to provide additional financial information (but failed to do so) before the notice of determination was issued.

Respondent also did not abuse his discretion in denying a face-to-face hearing. Respondent scheduled a face-to-face conference but eventually canceled it because petitioner failed to submit the requested financial information or propose any collection alternatives, and so a face-to-face hearing was not appropriate. See Peter D. Dahlin Att'y at Law, P.S. v. Commissioner, T.C. Memo. 2007-310 (the taxpayer failed to avail itself of a reasonable opportunity for a face-to-face hearing when it failed to submit the requested financial documentation).

Respondent did not abuse his discretion in concluding that the lien effectively balanced the need for efficient collection of tax with petitioner's legitimate concern that any collection action be no more intrusive than necessary. Petitioner never proposed any collection alternatives. See Magana v. Commissioner, 118 T.C. 488, 493 (2002).

The Court sustains respondent's determination to proceed with collection by lien.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, the Court concludes that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.